*S. Major*, for appellants.

*L. Barbour* and *C. P. Jacobs*, for appellees.

---

## COMPTON *v.* DAVIDSON and Another.

PROMISSORY NOTE.—*Pleading.—Bastardy.*—It is not a good defense to a suit upon a promissory note given in compromise of a prosecution against the maker for bastardy, "that it was *understood* that if the child should be born too soon, or the circumstances would not make out a case of bastardy, the note was to be delivered up, and that the child was born *eight months* from the time the defendant first met the prosecuting witness;" nor is it a good answer, "that the defendant has since learned that he could prove he was not the father, but could not make such proof at the date of the compromise."

SAME.—*Party Plaintiff.*—It is not necessary that the plaintiff in a suit upon a promissory note should be the legal owner thereof;—it is sufficient if he is the equitable owner.

Compton *v.* Davidson and Another.

PLEADING.— *Written Instrument.*—Where a defense is founded upon a written agreement, the instrument should be set out.

APPEAL from the Tippecanoe Common Pleas.

RAY, J.—Suit by appellees on a note executed to them by appellant. Answer, that said note was obtained by fraud and false and scandalous representations made by one Mary Wallace, and by her attorneys who are the present appellees; that it was alleged, that said Mary was *enceinte* with a bastard child, and a suit was threatened against him; that said Mary made the proper affidavit before a justice of the peace, and he thereupon executed the said note, but it was understood, that if the child was born too soon, or if the circumstances would not make out a case of bastardy, the note was to be delivered up; that said child was born within eight months from the time he first met the said Mary; wherefore he demands judgment.

The answer fails to show any agreement to deliver up the note. It does not allege such an agreement, but simply that it was understood it should be delivered up. By whom was it understood? Nor does the fact that the child was born within eight months acquit him of the liability. The court properly sustained a demurrer to the paragraph.

A second paragraph of answer denied that the plaintiffs were the legal owners of the note in suit. If they were the equitable owners it was sufficient.

A third paragraph alleges, that the note was given under duress and threats of public scandal and disgrace, and that one Mary Wallace would bring an action in bastardy, and would make an affidavit that she was pregnant with a bastard child and that the defendant was the father; that she did so swear; and that he had since learned that he could prove he was not the father, but could not make such proof at the date of the compromise. A demurrer was sustained to this paragraph. There was no error in this. The answer does not deny the condition of Mary Wallace, or that circumstances were against his defense when he

compromised.   The case seems to have been one for compromise, and his answer may be, perhaps, properly styled a negative pregnant.

A fourth paragraph alleged a written agreement executed at the date of the note, by which said Mary Wallace agreed to leave the city of Lafayette and remain away from there, and her failure to comply with the written contract.   The agreement is not copied.   As that was the foundation of the defense, it should have been set out.

The court properly sustained a demurrer to the paragraph. Judgment affirmed, with five per cent. damages and costs.

*A. J. Roush*, for appellant.