### FRANCIS F. HOLT & CO. *v.* ALONZO THACHER.

*Amendment.    Parties.    Conclusiveness of Judgment.*

In debt on judgment defendant was summoned to answer to H., T., and others, part-
ners under the name of H. & Co., in whose favor the judgment was alleged to have
been rendered.   Defendant pleaded that T. was dead when the action was brought.
Plaintiff was permitted to amend by omitting the name of T., and alleging that he
died after the rendition of judgment.   *Held*, no error.

Defendant sought to avoid the judgment under plea that two of the members of the
firm, plaintiffs in the action in which the judgment was rendered, died before ren-
dition of judgment.   *Held*, that the judgment could not be so collaterally im-
peached.

DEBT on judgment brought at the December Term, 1878.    The defendant was therein summoned to answer to Francis F. Holt, Elisha Hazen, Volney Thurstin, and others, partners in trade under the firm name of F. F. Holt & Co., in whose favor the judg-ment was alleged to have been rendered.    The defendant pleaded that said Thurstin was dead when the action was brought.    The plaintiffs moved to amend by omitting the name of said Thurstin as one of the plaintiffs, and alleging that he died after the rendi-

tion of the judgment declared on; and the amendment was allowed; to which the defendant excepted.

The defendant thereupon pleaded *nul tiel record ;* and that said Thurstin and Hazen were dead when the judgment was rendered. Issue on the first of those pleas, and demurrer to the second. The court at the December Term, 1879, BARRETT, J., presiding, found that there was such a record, sustained the demurrer, and rendered judgment for the plaintiffs; to which the defendant excepted.

*French & Southgate,* for the defendant.

The amendment was erroneously allowed. *Bowman* v. *Stowell,* 21 Vt. 309; *Stevens* v. *Hewitt,* 30 Vt. 262; *Waterman* v. *Connecticut & Passumpsic Rivers Railroad Co.* 30 Vt. 610.

The record does not sustain the declaration.

The second plea is good. It does not contradict the record, but avers a fact that shows that the judgment was void. 1 Chit. Pl. 76; Gen. Sts. c. 52, s. 19; *Allen's Admr.* v. *Thrall,* cited, 41 Vt. 79. But the declaration was bad; and on demurrer the court will consider the whole record. *Hartland* v. *Windsor,* 29 Vt. 354.

*S. E. Pingree,* for the plaintiffs, contended that the amendment was properly allowed, and that the demurrer was rightly sustained; and on the latter point he cited *Kimball* v. *Newport,* 47 Vt. 38, 42, and *Porter* v. *Gile, Ib.* 620, and other cases.

The opinion of the court was delivered by

ROYCE, J. It is insisted that the amendment which was allowed, leaving out the name of Volney Thurstin as one of the plaintiffs, could not legally be made, for the reason that it changed the parties to the action. It appears by the amended declaration, that Thurstin was one of the partners in whose name the judgment now declared upon was rendered, and had since the rendition of that judgment deceased. The amendment struck from the record the name of a party who was not in existence at the time this suit was commenced, and left it to be proceeded with in the

name of the parties, and the only parties, who had the legal right to prosecute it. This was not a change of parties in the sense in which that expression is used in the cases,—in which it has been held that an amendment which in legal effect changed the parties was not permissible. Here the most that can be claimed is, that there was a misjoinder by including an improper party. In *Emerson* v. *Wilson*, 11 Vt. 357, the suit was commenced in the name of Emerson and Godfrey, as partners in trade, and declared upon a note payable to " Emerson & Godfrey in Co." The amendments that were allowed were by inserting John, before Emerson, and striking out " & Godfrey as partners in trade ", and in altering the declaration so as to count upon a note payable to Emerson alone. It was held that the court had no power to permit either amendment. The first essentially changed the party. It in fact substituted a new party, and allowed him to sue in a different capacity. But here there was no substitution of a party, and the capacity in which the plaintiffs sued remained the same after the amendment as before.

Upon the issue made under the plea of *nul tiel record* the court has found that there is such a record. Under the second plea, which is made applicable to the original and amended declaration, the defendant seeks to avoid the judgment by showing that two of the plaintiffs died before that judgment was rendered. It is unnecessary to repeat what was said by this court in *Kimball* v. *Newport*, 47 Vt. 38, and in *Porter* v. *Gile*, in the same volume, 620, upon the question of the conclusiveness of judgments. The misjoinder complained of should have been taken advantage of in the progress of the suit in which the judgment was obtained. It is not allowable for the defendant to avoid the judgment on that ground. The cases above cited, and the authorities referred to in them by court and counsel, show conclusively that a judgment cannot be attacked in any such collateral manner.

*Judgment affirmed.*