HALLAM vs. STILES and another.

*October 1 — October 14, 1884.*

*(1) Defect of parties: Waiver. (2) Appeal to S. C.: Lack of exceptions. (3) Dismissal of appeal: Issue of execution: Action against sureties on appeal bond.*

1. The objection that an action upon an appeal bond should be against the principal and sureties jointly and not against the sureties separately, if not taken by demurrer or answer, is waived.

2. Where no exception is taken to a finding of fact it will be treated on appeal as a verity.

3. The appeal from a judgment directing the payment of money, execution whereon had been stayed by an undertaking, having been dismissed for want of prosecution, execution for the costs on appeal issued out of this court and was returned wholly unsatis-

Hallam vs. Stiles and another.

fied. *Held*, that under ch. 151, Laws of 1876, an action might thereupon be maintained against the sureties on the undertaking to recover the whole amount for which they were liable, although no execution for the collection of the judgment had issued out of the court below.

APPEAL from the Circuit Court for *Chippewa* County.

Action to recover upon an undertaking on appeal executed by one G. R. Nickey as principal, and by the defendants, *A. S. Stiles* and *John Rumsey*, as sureties.

The cause was tried by the court, which found the facts as follows: A judgment in favor of the plaintiff and against G. R. Nickey and Charles C. Putnam, for the sum of $886.57, was rendered by the circuit court for Green county, October 5, 1876. From that judgment Nickey appealed to the supreme court, and upon such appeal the undertaking in question was executed. On the 27th of April, 1877, the appeal was dismissed for want of prosecution, and the sum of $37.75 costs on appeal awarded against the appellant, Nickey. On May 11, 1877, an execution against Nickey for the collection of such costs was issued out of the supreme court, but was returned wholly unsatisfied. No execution was issued out of the circuit court for Green county for the collection of the judgment.

As conclusions of law the circuit court held that the defendants were indebted to the plaintiff on the undertaking for the costs on appeal in the supreme court, but not for the judgment from which the appeal was taken; and that the plaintiff was entitled to judgment only for $37.75, with interest from April 27, 1877.

From the judgment entered accordingly the plaintiff appealed.

For the appellant there was a brief by *Knight & Hayes*, and oral argument by *Mr. E. A. Hayes.*

For the respondents the cause was submitted on the brief of *Hollon Richardson.*

CASSODAY, J. It is claimed that the plaintiff's remedy upon the undertaking, if any, was against Nickey and the sureties jointly, and not against the sureties separately. To make such objection available, it should have been raised either by demurrer (R. S. sec. 2649, subd. 4) or answer (R. S. sec. 2653). Not having been so taken, the defendants must be deemed to have waived the same. R. S. sec. 2654.

It is urged that the record does not show that the appeal was dismissed for want of prosecution. But the trial court so found, and there is no exception to that finding, and hence it must be taken as a verity.

The appeal upon which the undertaking was given was taken after ch. 151, Laws of 1876, went into effect. Assuming, for the purposes of this appeal, that that chapter had not, as to these sureties, been superseded by sec. 3067, R. S., still we think the essential conditions imposed by that chapter, to entitle the plaintiff to recover the whole amount for which the defendants were liable on the undertaking, had been complied with before the commencement of this action. That chapter provided, in effect, that in all appeals thereafter taken from a judgment directing the payment of money, to the supreme court, and where the execution should be stayed by a written undertaking in pursuance of the statute, and such appeal dismissed for want of prosecution by the appellant, the respondent might, "after having issued *an execution* against the appellant, and the same having been *returned unsatisfied, either in whole or in part*, commence an action on the undertaking so executed, against the appellant and the sureties therein, in the same manner and with the same effect as if the said judgment so appealed from had been affirmed." The act only refers to one execution, or, which is the same thing, "an execution."

The contention is that the act requires two executions to be issued and returned,— one out of the circuit court and the other out of this court. But the act did not so provide.

Hallam vs. Stiles and another.

None was here issued out of the circuit court. There was one issued out of this court and returned unsatisfied. It is claimed, however, that "there is no sufficient return to the execution issued out of this court." But it is found as a fact that an execution was issued out of this court for the collection of the costs on the appeal, and that the same was returned wholly unsatisfied. There is no exception to this finding of fact, nor to any other, and hence we are not called upon to scrutinize the record to discover whether the evidence is sufficient to sustain it. The return of one execution wholly unsatisfied, as fully demonstrated the impossibility of making collection out of Nickey as though another execution had been issued and so returned. The fact that the act in question gives the right of action where the execution is returned unsatisfied, *either* in whole *or in part*, pretty clearly shows that no more than one execution was contemplated, even where partial collection was made upon the execution issued. Having complied with all the conditions precedent before the commencement of this action, the plaintiff is entitled to recover against the defendants upon the undertaking the same amount as damages that he would had the judgment so appealed from been affirmed.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with directions to enter judgment in favor of the plaintiff and against the defendants for the amount of their liability upon the undertaking, as above indicated, with the taxable costs and disbursements in this action in the circuit court.