## Geisinger, Appellant, vs. Beyl, Respondent.

*March 3 — March 27, 1888.*

*Ejectment: Defect in defendant's tax deed: Payment of taxes, when a condition precedent to judgment: Presumption in support of judgment.*

Under ch. 270, Laws of 1874, in an action of ejectment a finding by the court or jury that the plaintiff is entitled to recover by reason of a defect or insufficiency of a tax deed under which the defendant claims title, is essential in order to make payment by the plaintiff of the taxes therein mentioned a condition precedent to judgment in his favor. And an appellate court cannot assume the existence of that fact, in order to support a judgment for the defendant, where it was never put in issue, tried, or determined.

APPEAL from the Circuit Court for *Polk* County.

The following statement of the case was prepared by Mr. Justice Cassoday:

This action of ejectment for a quarter section of land described, in Polk county, Wis., was commenced February 12, 1876. The complaint is in the statutory form. The only answer is a general denial. On the trial of that issue

before BARRON, J., and on September 28, 1876, the jury re-turned this verdict, and nothing more: "We, the jury empaneled to try the above-entitled action, find for the plaintiff that he is entitled to the possession of said premises, and that he is the owner thereof in fee-simple absolute."

October 26, 1876, the trial court made an order therein to the effect that the plaintiff have judgment to which he had shown himself .entitled, upon the payment to the de-fendant, within ninety days, of the amount for which the premises had been sold, with penalty and interest, as pro-vided by ch. 22, Laws of 1859, and also all taxes paid by the defendant subsequent to such sale, with interest; and that, if the plaintiff failed to pay said amounts within the time named, his action be dismissed with costs and any fur-ther action for the same cause be thereby barred. That order recited the verdict, and that the plaintiff had not made it to appear affirmatively that the premises were not liable to taxation for the tax for which they were sold, nor that the premises were redeemed from such sale, nor that such taxes had been paid.

February 9, 1877, and on motion of counsel for the plaint-iff, a judgment was entered therein with the clerk upon said verdict, to the effect that the plaintiff recover posses-sion of said premises, in accordance with said verdict, to-gether with $34.67, the costs and disbursements of the action, and that execution issue therefor.

March 12, 1877, upon affidavits and the records, the plaint-iff was ordered to show cause, at a time and place named, why said judgment should not be vacated, annulled, and set aside, and the action dismissed with costs, on the grounds that the plaintiff had failed to comply with said order of October 26, 1876, and that, even if he had complied with it, he could only have judgment upon application to the court. Upon the hearing of that motion the same was de-nied September 12, 1877. From that last order the defend-

ant appealed to this court October 27, 1877; and June 28, 1878, the same was reversed (44 Wis. 258) on the ground that the order of October 26, 1876, though irregular, could not be treated as a nullity, and hence that such judgment was irregular and should have been set aside; and the *remittitur* therein was filed in the trial court December 20, 1878.

June 23, 1879, the trial court, BARRON, J., presiding, made an order setting aside said judgment, also denying a motion to set aside the order of October 26, 1876, and to grant leave to the plaintiff to enter judgment upon the verdict, with costs; and also that the motion of the defendant to dismiss the action with costs be denied without prejudice.

October 13, 1887, upon notice served, the trial court, CLOUGH, J., presiding, ordered, in effect, that the defendant have judgment therein dismissing the action with costs to be taxed. That order recited, in effect, the verdict, the order of October 26, 1876, and the failure of the plaintiff to comply with that order. October 17, 1887, on motion of the defendant's attorneys, judgment was entered therein dismissing the action, and that the defendant recover of the plaintiff $31.20, costs and disbursements as taxed; which judgment, in effect, recited the trial of the action, the rendition of said verdict, the making and the substance of said order of October 26, 1876, the plaintiff's failure to comply therewith, the order of October 13, 1887, and this further recital, and nothing more, to wit: "And it having appeared, upon the trial, that the defendant claimed title to the said premises by virtue of certain tax deeds issued by the county clerk of said Polk county." From this last judgment, so entered October 17, 1887, the plaintiff appeals.

*Chas. C. Willson,* for the appellant.

For the respondent there was a brief by *Pinney & Sanborn,* and oral argument by *Mr. A. L. Sanborn.*

CASSODAY, J.   This is an action of ejectment tried by a jury over eleven years ago.   The verdict was to the effect that the plaintiff was the owner in fee and entitled to the possession.   That verdict has never been set aside.   Notwithstanding these facts, the judgment appealed from was entered last October, and is in favor of the defendant, and dismissed the action with costs.   This is said to have been done by reason of the failure of the plaintiff to pay taxes as required by the order of October 26, 1876.   That order is said to have been made in pursuance of ch. 270, Laws of 1874, which, in effect, "*provided* that in all actions of ejectment now pending, or hereafter brought, when the *court or jury find* that the plaintiff is entitled to recover the lands claimed,   .   .   .   *by reason of a defect or insufficiency* of any tax deed *under which the defendant* claims title to such lands,   .   .   .   it shall be the duty of the court in which such action is tried, unless it shall be made to appear affirmatively by the plaintiff that such lands were not liable to taxation for the tax for which they were sold, or that such lands were redeemed from such sale, or that the taxes for which such lands were sold had been paid, to cause an order to be entered that the plaintiff have judgment to which he has shown himself entitled, upon the payment to the defendant, within ninety days, of the amount " of such taxes, interest, and penalty as therein prescribed, and that, if the plaintiff fail to so pay, then that his action be dismissed with costs, and any further action for the same cause be thereby barred.

The questions to be considered are — *First*, whether there is anything in the record to bring the case within the operation of this act, and, *secondly*, if not, whether the judgment is to be sustained upon mere presumption.   There is no bill of exceptions.   The appeal, therefore, only brings up for review the pleadings, verdict, judgment, and orders upon which it was based.   *Kelley v. C., M. & St. P. R. Co.*

Geisinger vs. Beyl.

53 Wis. 76; *Edleman v. Kidd*, 65 Wis. 21. Of course such orders are reviewable on appeal from the judgment. The charge of the court is printed. If we were at liberty to consider that as a. part of the record, we might be forced to the conclusion that the jury must have found that the tax deed mentioned was acquired by the defendant while acting as the agent of the plaintiff to pay the taxes on this same land. If that were so, then such acquisition of the deed would have been, in legal effect, a payment of such taxes and an extinguishment of such tax deed. In that view of the case the act quoted would have no application here. But the charge of the court is no part of the record, and we are not at liberty to consider it. *Kirch v. Davies,* 55 Wis. 299. The pleadings are, of course, a part of the record. The complaint is simply in the statutory form, and makes no reference to such tax deed, nor any tax deed. The answer contains nothing but a general denial. The verdict is a part of the record, but that determines nothing but the simple issue of title and right to possession, made by the complaint and answer. There are no findings or finding by the court, except in so far as the recitals in the judgment and the orders upon which it is based are to be regarded as findings. The judgment recites all that is contained in such orders respectively, and more, as appears from the above statement of facts. It is sufficient to say that, assuming all such recitals to be findings by the court, still there is no finding by the court or jury that the plaintiff was entitled to recover " by reason of *a defect or insufficiency* of any tax deed." Under the act such finding was absolutely essential, even where it appeared from the pleadings that the defendant claimed title under a tax deed, in order to make such payment of taxes by the plaintiff a condition precedent to judgment in his favor. But, as observed, no such claim was put in issue or referred to by the pleadings, and such recitals are outside of the

issues and the verdict. While presumptions are frequently entertained in support of judgments, yet they are not to be indulged to the extravagant extent of assuming the existence of facts never put in issue, nor tried, nor determined. *Blossom v. Ferguson*, 13 Wis. 75; *Farrell v. Drees*, 41 Wis. 186; *Hogan v. C., M. & St. P. R. Co.* 59 Wis. 148. This court must deal with the issues actually tried, submitted, and determined; and not such as might have been but were not. *Murphy v. Martin*, 58 Wis. 280.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with directions to enter judgment upon the verdict in favor of the plaintiff and against the defendant.