# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## PUGH v. McCUE.

86   475
89   547
86   475
96   571

### JANUARY 23, 1890.

1. JUDGMENTS—*Collateral attack.*—Judgments and decrees of courts of general jurisdiction, acting within the scope of its authority, are presumed to be right, and are not open to a collateral attack, and this is so even though a party against or in favor of whom it is rendered be dead at the time. *Wilcher* v. *Robertson,* 78 Va., 602.

2. IDEM—*Deed decreed to one dead—Evidence.*—In suit in chancery a special commissioner is directed by decree to make a deed of conveyance to " the purchasers or their vendees," one of whom was dead at the time. In pursuance thereof the deed was executed. In action of ejectment the deed was admitted in evidence in behalf of one claiming under the deceased grantee. HELD: No error.

3. EVIDENCE—*Record—Recitals in deed.*—In such action, if the record of the suit wherein the decree was rendered directing the deed to be made be introduced, the recitals in the deed are admissible and unassailable evidence of title in the collateral action.

Error to judgment of circuit court of Nelson county rendered April 2, 1887, in an action of ejectment wherein F. R. Pugh (the plaintiff in error) was plaintiff, and J. C. McCue was defendant. Opinion states the case.

*Caskie & Coleman,* for the plaintiff in error.

*S. V. Southall,* for the defendant in error.

LEWIS, P., delivered the opinion of the court.

It appears from the record that in a suit in equity in the circuit court of Nelson county, several years before the late war, under the style of *Beith's Adm'r* v. *Newcomb et als.*, a decree was entered for the sale of certain lands, and that sale was made; that one of the tracts of land, containing two hundred and seven acres, was sold to James M. Bowen, and another parcel, containing about one acre, situate near Afton (which is the land in controversy), was sold to Charles Rodes; that subsequently Rodes sold the last mentioned parcel of land to Bowen, and put him in possession thereof; that in November, 1862, a decree was entered in the cause appointing Robert Whitehead a commissioner to convey the land "to the said purchasers, or to those to whom they may have sold," and that in pursuance of this decree, Commissioner Whitehead by deed, dated January 13, 1863, conveyed the land to Bowen.

The defendant claims title to the premises in controversy through Bowen, and at the trial, to maintain the issue on his part, he offered in evidence the deed from Whitehead to Bowen, wherein most of the foregoing facts are recited. The plaintiff, who claimed through Rodes, objected to the introduction of the deed, on the ground that when the decree was entered directing the deed to be executed *Rodes was dead;* but the circuit court overruled the objection, and admitted the deed, not as a conveyance of the legal title, nor as evidence of color of title in Bowen, but as evidence of a claim of title by Bowen; and this ruling, which was excepted to by the plaintiff, is the subject of the first assignment of error.

It is insisted that, so far as Rodes' interest was concerned, the deed from Whitehead and the decree directing it were void for the reason just mentioned. But can this position be maintained? We think not. The provision in the decree directing the deed to be made to "*the said purchasers*," of whom Rodes was one, or to their vendees, imports that Rodes was then living, and as the record discloses nothing to the contrary, the decree cannot be collaterally assailed. Nothing is better

settled than that the judgments and decrees of a court of general jurisdiction, acting within the scope of its authority, are presumed to be right, until the contrary appears, and are not open to collateral attack; and this is so even though the party against whom, or in whose favor, the judgment or decree was rendered was dead at the time. Such a judgment or decree is. unassailable 'in collateral action, not because a judgment rendered without notice is good, but because the law does not permit the introduction of extrinsic evidence to overthrow that which, for reasons of public policy, it treats as absolute verity. The record is conclusively presumed to speak the truth, and can be tried only by inspection. *Wilcher* v. *Robertson*, 78 Va., 602; *Warder* v. *Tainter*, 4 Watts, 270; *Yaple* v. *Titus*, 41 Pa. St., 195; *Carr* v. *Townsend's Ex'ors*, 63 *Id.*, 202; *Holt* v. *Thacher*, 52 Vt., 592; *Jennings* v. *Simpson*, 12 Neb., 558; *Taylor* v. *Snow*, 47 Tex., 462.

It is true the record in the chancery suit wherein the decree in question was rendered, was not produced at the trial, but enough appears from the recitals in the deed from Whitehead to Bowen for the purposes of the present case. If those recitals are inconsistent with the record, the plaintiff could have shown it by the introduction of the record. It is clear, therefore, that the deed was not only admissible in evidence, but that in this collateral action it must be regarded as an unassailable conveyance of the legal title. And as this view of the subject is decisive of the case, no other question need be considered. The judgment is affirmed.

JUDGMENT AFFIRMED.