Sherwood vs. Merritt.

*By the Court.*— The judgment of the circuit court is affirmed.

See note to this case in 18 L. R. A. 479.— Rep.

---

SHERWOOD, Respondent, vs. MERRITT, Appellant.

*September 27 — October 25, 1892.*

*Vendor and purchaser of land: Alteration in contract: Imperfect title.*

1. An oral contract for the sale, by defendant to plaintiff, of forty acres of land at $300 per acre, was by agreement reduced to writing by plaintiff, who handed it and his check for the earnest money to defendant's agent, with the understanding that when defendant had signed the contract the check was to be delivered to him and the contract returned to plaintiff. Without plaintiff's knowledge the agent inserted the words "more or less" after the words "forty acres," and defendant signed the contract in that form and was given the check. The contract was then returned to plaintiff, who, as soon as he discovered the alteration, offered it back to defendant and demanded his check, but defendant insisted upon the fulfilment of the contract as signed, and tendered a deed accordingly, which plaintiff refused to accept. *Held*, that the alteration was material,

and that plaintiff had the right to repudiate the contract and recover the amount paid.

2. The contract provided that if defendant's title should prove defective and plaintiff should refuse to accept it, the earnest money should be returned. It appearing that the title was partly in a third person, plaintiff had the right for that reason, also, to refuse to accept the deed.

APPEAL from the Circuit Court for *Douglas* County.

The facts are stated in the opinion. The defendant appeals from a judgment in favor of the plaintiff.

For the appellant there was a brief by *Arnold & Baldwin*, attorneys, and *R. R. Briggs*, of counsel, and oral argument by *Mr. Briggs*. They contended, *inter alia*, that in securing the signature of defendant to the contract, and in the delivery of the check to him, Crosby acted as the agent of plaintiff. Even if he had been the agent of defendant for some purposes, he could also become the agent of plaintiff in the same transaction. *Orton v. Scofield*, 61 Wis. 382; *Barry v. Schmidt*, 57 id. 172. The addition of the words "more or less" was no substantial change. *Lawson v. C., St. P., M. & O. R. Co.* 64 Wis. 455; *Jesup v. City Bank*, 14 id. 331. It is clear that Crosby had authority to deliver the check to defendant and complete the contract. The defendant was not bound by the private instructions of the plaintiff to Crosby. *Lawson v. C., St. P., M. & O. R. Co.* 64 Wis. 456; Story, Agency, sec. 133.

For the respondent there was a brief by *Knowles, Dickinson, Buchanan, Graham & Wilson*, and oral argument by *Geo. P. Knowles*.

ORTON, J. This case comes here to be decided on the pleadings, findings of fact, and conclusions of law alone, there being no exceptions in the record. *Geisinger v. Beyl*, 71 Wis. 358. The findings of fact will be considered a *verity* on this appeal. *Hallam v. Stiles*, 61 Wis. 270. The findings of fact are substantially as follows:

The plaintiff and defendant made an oral contract in re-
lation to the sale of certain land by the defendant to the
plaintiff on the 18th day of December, 1890, which was to
be and was reduced to writing by the plaintiff, and pre-
sented to the defendant for his signature, as follows, to wit:

"$700.00.   Received of *W. C. Sherwood* the sum of seven
hundred dollars, being earnest money and partial payment
for the purchase of the following described property, situ-
ated in the county of Douglas, state of Wisconsin: The
northeast quarter of the southwest quarter of section 14,
township 48, range 13, containing 40 acres, for the full
price of $300 per acre, to be paid, viz., the sum of $3,300 in
cash at this office when the deal is to be closed, within fif-
teen days after delivery of an abstract of the title to said
property at said office, showing good and perfect and clear
title thereof of record, except as herein stated, and the bal-
ance to be paid, viz., subject to one half a mortgage of
$8,000, due one and two years from October 18, 1890, in
equal payments, and a second mortgage of $4,000, due in
equal payments of one and two years, December 18, 1890.
All deferred payments to bear interest at eight per cent.,
to be secured by mortgages on said property.   All accrued
interest on any incumbrance now on said property shall be
deducted from the cash payments.   Warranty deed to be
given vesting perfect title in said *Sherwood,* assigns, or
order.   If the title shall prove defective, and said purchaser
shall refuse to accept the same, the said sum of $700 earnest
money shall be returned at once to said *Sherwood* or as-
signs.   If the title shall be perfect, and said deed shall be
tendered to said *Sherwood* or assigns as above, and said
*Sherwood* or assigns shall fail to comply with the above
terms, then the said sum of $700 earnest money shall be
forfeited as the consideration of this contract, and this deal
shall be off."

The plaintiff handed this contract, together with his bank

check, drawn in favor of the defendant for $700, to the agent of the defendant, with the understanding and agreement that said contract should be signed without any change or alteration by the said defendant, and, when so signed, to deliver the check to the defendant, and the contract returned to the plaintiff. The defendant's agent, before said contract was signed by the defendant, changed the same by inserting the words "more or less" after the words "40 acres," without the knowledge of the defendant; and it was so signed and delivered to the plaintiff, and the bank check was delivered to the defendant. As soon as the plaintiff discovered that the contract had been so changed, he offered it back to the defendant, and demanded back his check or the payment of the $700; and the defendant refused to receive back said contract, and refused to deliver back his check or pay the $700. The defendant insisted upon the contract as signed, and tendered to the plaintiff a deed by himself and wife and by another, which contained the wrongly inserted words of "more or less" after the "40 acres," and demanded the performance of the contract by the plaintiff. The abstract of title furnished by the defendant to the plaintiff showed that the title to said land was not wholly in the defendant, but was partly in another person, and for that also the plaintiff refused to receive said deed.

The action is to recover the $700 as money had and received, and the court rendered judgment in favor of the plaintiff for the same.

This case is so obviously in favor of the plaintiff, on the mere statement of the facts, that the learned counsel of the respondent has not deemed it necessary to cite any authorities of law; and so it seems to be, on the plainest principles of reason and justice, that the plaintiff had the right to repudiate everything the defendant did subsequent to the verbal contract. He did not carry out that contract in

any particular. His agent altered the contract proposed by the plaintiff in an essential and material respect before it was signed by the defendant, and the defendant signed it as the real contract so wrongfully altered, and insisted upon it as carrying out his part of the contract, thus affirming and adopting the act of his agent in so altering it. It was no longer the mere act of his agent; it was his act, in inserting these words in the contract. The contract of sale was for forty acres at $300 per acre, and the whole amount to be paid was fixed at that rate; so that, if the tract of land should contain less than forty acres, it would be the plaintiff's loss of just so much. The materiality of the alteration is obvious. It is preposterous that the plaintiff was bound to accept the written contract or the deed containing such an alteration.

The authorities cited by the learned counsel of the appellant are foreign to such a case. *Jesup v. City Bank*, 14 Wis. 331, is to the effect that when an agent, unauthorized to do so, alters the bond and mortgage after they are issued, it does not invalidate them as they were before they were so altered. In *Lawson v. C., St. P., M. & O. R. Co.* 64 Wis. 455, the unauthorized alteration by an agent was not material. There cannot be found an authority that would require the plaintiff to accept such an altered contract. The defendant, in his answer, admits the making of the verbal contract without such qualifying words in the number of acres sold. The learned counsel of the appellant says in his brief: " It is clear that Crosby [the agent] had authority to deliver the check to *Merritt* [the defendant], and complete the contract." There is nothing clearer than that he had no such right in violation of the verbal contract. He was to deliver the check only on the signing of the written contract as drawn by the plaintiff.

The plaintiff has at least three meritorious grounds for repudiating the contract as carried out by the defendant: (1) Because of the material alteration of the written con-

tract; (2) because, by the abstract furnished, it appeared that the defendant had not a perfect title to the land; and (3) because the deed tendered contained the same unauthorized alteration, and was not alone the defendant's deed, which the plaintiff had the right to require. The circuit court very properly found as a conclusion of law that no legal contract was ever made. The case is as the contract was verbally made, and the defendant has refused to carry it out. He did worse than refuse, for he attempted to perpetrate a gross fraud on the plaintiff. He obtained the $700 of the plaintiff's money by a fraudulent collusion with his agent, who was trusted with it for an entirely different purpose, which had failed through their own fault. The plaintiff's right to recover the $700 and interest is perfectly clear.

*By the Court.*— The judgment of the circuit court is affirmed.