### J. I. Case Threshing Mach. Co. v. Pederson *et al.*

1. The notice to take a deposition must be reasonably specific as to the day and hour, but a deposition will not be rejected for the sole reason that the notice is uncertain as to the time of taking, when it states that such deposition will be taken at a certain place, between the hours of 10 o'clock a. m. and 5 o'clock p. m. of a day specified therein.

2. The equitable owner of a judgment, being the real party in interest, may in his own name institute and maintain an action thereon.

3. Before the commencement of this action, plaintiff herein brought suit against the defendants on certain promissory notes, and defendants obtained judgment therein against the plaintiff for costs and a dismissal of the action, by alleging in their answer and by proving at the trial that said notes had been, in a former action against them, merged in a judgment which was valid and in full force. It is therefore *held* in an action between the same parties on the judgment based on said promissory notes, that defendants are estopped from denying the validity of such judgment.

(Syllabus by the court.   Opinion filed Oct. 30, 1894.)

Appeal from circuit court, Minnehaha county. Hon. FRANK R. AIKENS, Judge.

Action on a judgment. From a judgment for plaintiff, defendants appeal. Affirmed.

The facts are stated in the opinion.

*Palmer & Rogde*, for appellants.

A judgment may be attacked directly by setting up in answer that the matter in controversy had already been reduced to judgment. 2 Black Judg. 972; Clarke v. Little, 41 Ia. 497; Fergason v. Crawford, 70 N. Y. 253.

*J. W. Jones* (*Boyce & Boyce* of counsel), for respondent.

When the existence and validity of a judgment is put in issue and judicially determined, such determination is conclusive in any suit between the same parties. White v. Coatsworth, 6 N. Y. 134; Daty v. Brown, 7 N. Y. 71; Davis v. Talcott, 12 N. Y. 184; Dunham v. Brown, 77 N. Y. 76; Pray v. Hagerman, 98 N. Y. 351; Woodhouse v. Duncan, 106 N. Y. 533; Rogers v. Higgins, 57 Ill. 244. A judgment is a mere chose in action. Ford v. Stewart, 19 Johns, 542. It may be assigned by writing or by parol in any form. Black Judg. § 945; Burgess v. Cave, 52 Mo. 43. The holder and owner of an unendorsed check may sue upon it in his own name. Frend v. Bouk, 76 N. Y. 352. The owner of a mortgage by a parol assignment may maintain suit to foreclose it. Barthal v. Blakin, 34 Ia. 452. A valid assignment of a judgment will support a suit by the assignee upon the appeal bond given on appeal from the judgment. Conynham v. Smith, 16 Ia. 471; Wier v. Davenport, 11 Ia. 49; Robinson v. Weeks, 6 How. Pr. 161; Wright v. Parks, 10 Ia. 343. Suits should be brought in the name of the real party in interest. If not the objection must be made by demurrer or answer or it is waived. § 117 Code Civil Proc. Patckia v. Peck, 36 N. Y. 39.

FULLER, J. In an action entitled "Jerome I. Case, Stephen Bull, Massena B. Erskin, and Robert H. Baker, Co-

partners in Business under the Name and Style of J. I. Case &
Co., v. Martin Pederson, Lars Pederson, and K. S. Pederson,"
pending in the district court of Minnehaha county, a judg-
ment by default upon certain promissory notes was rendered in
plaintiff's favor, and against the defendants, for $642.42; and
the same was docketed and became a record of said court on
the 8th day of December, 1881, and this action by respondent,
a corporation, and alleged assignee of said notes and judgment,
is predicated thereon.    The complaint is in the usual form, and
avers, in effect and among other things, that, subsequent to the
rendition of said judgment, the same was duly assigned and
transferred to this plaintiff by said Jerome I. Case, Stephen
Bull, Massena B. Erskin, and Robert H. Baker, copartners as
J. I. Case & Co., and that plaintiff is still the owner thereof,
no part of which has ever been paid..    The joint answer of de-
fendants denies, in effect, the existence of a valid judgment;
and it is alleged therein that no summons nor complaint was
ever served upon them, or either of them, in said action, and
that neither waived the service of the same, nor in any manner
appeared in the action, and the court in which said judgment
was rendered acquired no jurisdiction of the person of the
defendants nor the subject-matter of said action.    The assign-
ment and transfer of said judgment to this plaintiff is also
denied.    At the close of the testimony in the case before us,
and by direction of the court, the jury returned a verdict in
favor of the plaintiff, and against the defendants, for the full
amount claimed; and from a judgment accordingly entered,
and an order overruling a motion for a new trial, defendants
appeal.

Over the objection of defendants' counsel, plaintiff intro-
duced in evidence the judgment roll and the various filings
thereon in the case of J. I. Case *et al.*, copartners against the
defendants herein, consisting of a summons, with proof of ser-
vice of the same, a complaint, affidavit of failure to answer,
and the judgment upon which this action is based, together

with the docket entry thereof and the promissory notes of the defendants, upon which said action was predicated. As it is conceded by appellants' counsel that all proceedings prior to and including the entry of judgment seem to be regular, and the judgment, as recorded, appears to be valid upon its face, it will not be necessary to set out herein any of the various exhibits constituting said judgment roll. Respondent's counsel offered in evidence upon the trial the deposition of its secretary, Frank Bull, and also the deposition of Charles H. Lee, its treasurer and general solicitor, each of which, as shown be exceptions duly filed and the recitals of the paper itself was taken upon a notice specifying that such deposition would be taken at a certain place, between the hours of 10 o'clock a. m. and 4 o'clock p. m. of a certain day mentioned in said notice. The reception of these depositions in evidence, over the written exceptions and objection that the time of taking was not sufficiently specified in the notice, is assigned by appellants' counsel as error. No claim is made that the depositions were not taken in compliance with the notice, on the day specified, and between the hours mentioned; and we are disposed to regard the notice as reasonably certain and sufficient as to the time of taking the depositions, and not subject to the objection urged by learned counsel. The courts, so far as we have examined cases, appear to commend the form of notice before us; and as the text-books on the subject of "Notice" seem to be in accord with the decisions, and similar as to the manner of expression, the following quotation will be sufficient: "The notice should state the time of taking the deposition with reasonable certainty, both as to the day and hour. It is the general practice, however, to fix the time between certain hours of the day; as eight o'clock in the forenoon and five o'clock in the afternoon, etc. This latitude as to hours seems necessary, in order that neither party may be taken entirely by surprise, and forestalled of his right to appear and examine any witness produced by the other; but as to the day of taking the deposition

less latitude is allowable or necessary." 1 Wade, Notice, 1230; Weeks, Dep. 251; Walk Am. Law, 674; Scharfenburg v. Bishop, 35 Iowa, 60; King v. State, 15 Ind. 64; Waddingham v. Gamble, 4 Mo. 465; Sweitzer v. Meese, 6 Bin. 500.

Counsel for appellants maintain that the assignment and transfer alleged in the complaint is not established by the evidence, and that there is no competent proof that respondent is the owner of the judgment upon which this suit is based, and therefore the real party in interest; but from an examination of the record we are disposed to conclude that such contention is without substantial support. Although it appears that the notes upon which the judgment in suit is based were made payable to the partnership of J. I. Case & Co. or bearer (the corporation respondent) prior to the commencement of said suit thereon in the name of the partnership, the undisputed evidence shows that respondent was the actual owner of the notes at the time the judgment was rendered, and consequently the equitable owner of said judgment, and entitled to maintain this suit as the real party in interest. Compton v. Davidson, 31 Ind. 62; Fitnam Trial Proc. 326, and cases there cited. With certain exceptions, not applicable to the case under consideration, section 4870 of the Compiled Laws provides that every action must be prosecuted in the name of the real party in interest; and, although the requirement seems to be mandatory, it is not available unless raised by answer or demurrer in the action in which such objection to parties plaintiff is claimed to exist. As no such objection was raised in the action upon the promissory notes in question, it is deemed to have been waived. Comp. Laws, § § 4912, 4913; Robbins v. Deverill, 20 Wis. 142; Hallam v. Stiles, 61 Wis. 270, 21 N. W. 42; Patchin v. Peck, 38 N. Y. 39.

On their own behalf, and over the valid objection of respondent's counsel, Lars and Martin Pederson each testified that no summons was ever served upon him in the case of Jerome I. Case, Stephen Bull, Massena B. Erskin, and Robert

H. Baker, copartners in business under the name and style of J. I. Case & Co., against Martin Pederson, Lars Pederson, and K. S. Pederson; and their counsel contend that the judgment entered therein was nugatory and void, and that no recovery can be had thereon. Whether the direct and positive jurisdictional recitals import "absolute verity," or may be contradicted by parol evidence, in an action upon a domestic judgment for the purpose of showing that in fact no summons was served upon the defendants, is a matter concerning which the authorities by no means agree; and, as the subject is to be considered only in its relation to other propositions that are alone decisive of the case, we are not called upon to answer the question, and will therefore dismiss the subject with the mere intimation that numerous courts of high standing have held, in effect, that considerations of sound public policy greatly outweigh the arguments favoring the practice which allows a judicial record to be impeached by parol evidence in an action upon a judgment that is based upon a record in all respects regular, and from which the jurisdiction of the court clearly appears. Miller v. Dungan, 35 N. J. Law 389; McCormick v. Fiske, 138 Mass. 379; Holt v. Thacher, 52 Vt. 592; Kittredge v. Martin (Mass.) 6 N. E. 95; Van Fleet, Coll. Attack, 855; Bigelow, Estop, 36; 1 Black, Judgm. 273-277, and cases cited.

The record shows that subsequent to the rendition of the judgment in favor of the partnership, and against the defendants herein, a suit was brought by this respondent corporation against the same parties defendant, upon the identical promissory notes which had been reduced to judgment in the former case, and which constituted the entire subject of said action. The complaint was in the usual form; and these defendants, for answer thereto, pleaded the entire judgment roll upon which the case before us is predicated, and averred, in substance, that said judgment was duly obtained on said promissory notes, and entered in favor of the plaintiff, and against the defendants,

who are the same persons named as defendants in this action; and that said judgment as above set forth, has not been reversed nor set aside, but still remains against them in full force and effect, unpaid and undischarged.   Upon the evidence offered in support of the issue thus raised, the jury returned the following verdict: ''We, the jury, by direction of the court, find upon all the issues for the defendants, and find that the notes sued upon were placed in judgment November, 1881, by the district court of Dakota territory.   R. J. Woods, Foreman.''   A judgment in favor of defendants, and against the plaintiff, was accordingly entered, and the costs were taxed against the plaintiff, and allowed in the sum of $30.75.   To overcome the *prima facie* case established, by introducing in evidence the notes of defendants, payable to the copartnership or bearer, defendants proved under their answer the allegations that said cause of action had been adjudicated, and that the judgment duly entered thereon was valid, and in full force and effect; and thus the issue raised by the answer in the case before us was judicially and conclusively determined and defendants are estopped by the record from raising the question in this action. White v. Coatsworth, 6 N. Y. 137; Woodhouse v. Duncan, 106 N. Y. 527, 13 N. E. 334; Pray v. Hegeman, 98 N. Y. 351; Dunham v. Bower, 77 N. Y. 76; Davis v. Tallcot, 12 N. Y. 184; Rogers v. Higgins, 57 Ill. 244.

If the summons had never been served upon these defendants, that fact was well known to them when they defeated the action upon the notes, by alleging and proving that said notes had been placed in judgment, and that said judgment was valid, and had never been reversed nor set aside, but remaimed of record, and in full force and effect against them.   To hold that these defendants and appellants are not estopped by their conduct, as well as by the record they have made, would require us to disregard the elementary principles which underlie the doctrine of equitable estoppel; and the judgment of the trial court is therefore affirmed.