DEUSTER, Respondent, vs. MILWAUKEE STREET RAILWAY COMPANY, Appellant.

*December 12, 1894 — January 8, 1895.*

(1) *Street railways: Negligence: Injury to person on track.* (2) *Appeal: Bill of exceptions.* (3) *Damages.*

1. Plaintiff was struck and injured by an electric car while he was attempting to lead a frightened horse across defendant's tracks. Upon the evidence, it is *held* that the questions of negligence and contributory negligence were for the jury.

2. The supreme court cannot, upon affidavits, consider exceptions not contained in the record and which are alleged to have been improperly stricken by the trial judge from the proposed bill of exceptions.

3. The damages for a severe personal injury, assessed at $1,500, are *held* not excessive.

APPEAL from a judgment of the superior court of Milwaukee county: R. N. AUSTIN, Judge. *Affirmed.*

This is an action for personal injuries sustained by coming in collision with the defendant's electric car, in consequence

of the alleged negligence of the defendant's servants in charge. The defendant answered by way of admissions and denials and allegations of contributory negligence. At the close of the trial the jury returned a verdict in favor of the plaintiff for the sum of $1,500. From the judgment entered thereon defendant appeals.

For the appellant there was a brief by *Miller, Noyes & Miller*, and oral argument by *Edwin S. Mack* and *George H. Wahl*. They contended, *inter alia*, that the convenience of the public required that the cars should be operated regularly, and the defendant was under no obligations to suspend its operations because of the possible fright to a horse, especially where there was a person holding the horse and presumably taking care of it. Booth, St. Ry. Law, § 298; *Cornell v. Detroit Electric R. Co.* 82 Mich. 495; *Coughtry v. Willamette St. R. Co.* 21 Oreg. 245. The damages are excessive. *Patten v. C. & N. W. R. Co.* 32 Wis. 534; *Spicer v. C. & N. W. R. Co.* 29 id. 580; *Yates v. S. W. B. E. L. & P. Co.* 40 La. Ann. 467.

For the respondent there was a brief by *Austin & Hamilton*, and oral argument by *W. H. Austin*. They argued, among other things, that if the motorman in charge of the car could, in the exercise of reasonable care, have seen the plaintiff in time to have checked his car before the collision, and failed to do so, the defendant is liable. *Omaha St. R. Co. v. Duvall*, 58 N. W. Rep. 531; *Watson v. Minneapolis St. R. Co.* 53 Minn. 551; *Sears v. Seattle C. St. R. Co.* 6 Wash. 227; *Witzel v. Third Ave. R. Co.* 3 Misc. (N. Y.), 561; *Bernhard v Rochester R. Co.* 68 Hun, 369; *Ellis v. L. & B. R. Co.* 160 Mass. 341; *Gibbons v. Wilkes-Barre St. R. Co.* 155 Pa. St. 279; *Peterson v. St. Paul C. R. Co.* 54 Minn. 152; *Haney v. P., A. & M. T. Co.* 159 Pa. St. 395; *Kestner v. P. & B. T. Co.* 158 id. 422; *Brooks v. Lincoln St. R. Co.* 22 Neb. 816; *Thoresen v. La Crosse C. R. Co.* 87 Wis. 597; *Little v. Superior R. T. R. Co.* 88 id. 402; *Valin v. M. &*

_N. R. Co._ 82 id. 16; _Inland & Seaboard C. Co. v. Tolson,_ 139 U. S. 551, 558. The damages were not excessive. _Stutz v. C. & N. W. R. Co._ 73 Wis. 157; _Bridge v. Oshkosh,_ 71 id. 364; _Heucke v. Milwaukee C. R. Co._ 69 id. 408; _Mechelke v. Bramer,_ 59 id. 58; _Corcoran v. Harran,_ 55 id. 128.

CASSODAY, J.   April 29, 1892, the defendant was the owner of and operating an electric street railway upon Mukwonago road in Wauwatosa, being a continuation of its line on National avenue in Milwaukee, and the same runs east and west, and there was a double track thereon.   There is evidence tending to prove that on the afternoon of the day mentioned the plaintiff was riding in a buggy drawn by a single horse, obtained from the livery, with his nephew, driving west on the north side of that road; that when they reached a point about one block from the west end of the track the plaintiff saw an electric car standing on the west end of the south track, and at the same time heard a car approaching from the east on the north track; that the road at that point had been newly graded, and was very muddy, and the space where they were driving only about eight feet wide; that the car track was high above the ground, and very rough; that as the car from the east came very close to them the horse began to quiver, and the car then stopped, and the plaintiff jumped out and took the horse by the bridle and led him onto the track, intending to go across the same; that as he got onto the track the horse gave a little jump; that when he got between the two tracks the horse made another jump; that just at that time the plaintiff was struck by the car coming from the west on the south track, and was severely injured.   Without going into details, we have, after careful consideration, reached the conclusion that, under all the circumstances, it was properly left to the jury to determine whether the defendant's servants in charge of the car which struck the

plaintiff were guilty of negligence, and also whether the plaintiff was guilty of contributory negligence. The case seems to be very much the same in principle as *Little v. Superior R. T. R. Co.* 88 Wis. 402; *Thoresen v. La Crosse C. R. Co.* 87 Wis. 597; *Butler v. M. & St. P. R. Co.* 28 Wis. 487. It follows from what has been said that there was no error in refusing to grant a nonsuit or to direct a verdict in favor of the defendant.

It is said that portions of the charge are erroneous. But the record here certified contains no exception to any portion of the charge. This is conceded, but it is claimed that the proposed bill of exceptions did contain such exceptions, and that the trial judge improperly struck out such exceptions and eliminated the same from the proposed bill of exceptions, and hence that this court should consider such exceptions the same as though they were incorporated in the bill of exceptions. In other words, this court is asked, upon affidavits, to settle the bill of exceptions as it is claimed it should have been settled by the trial judge; but this court, in the exercise of its appellate jurisdiction, has no authority in such a case to make a new bill of exceptions, in whole or in part, nor to supersede the one already certified. In other words, the facts certified in a bill of exceptions are verities, so far as this court is concerned. We have even gone so far as to hold that in a particular case we cannot suspend the rules of the circuit court in respect to the preparation and settlement of bills of exceptions. *Baker v. State*, 84 Wis. 584. For a much stronger reason we cannot suspend the statutes in that regard. Secs. 2869–2874, R. S.

Upon this record we cannot regard the damages as excessive.

*By the Court.*— The judgment of the superior court of Milwaukee county is affirmed.