## IRA W. THORP v. D. A. ROBBINS, APT.

### October Term, 1895.

*Conversion.   Sale of property on chattel mortgage.*

The sale of property upon chattel mortgage is not a conversion as against an officer who has attached the same by copy in the town clerk's office, where no possession is taken of the property sold.

Trover.   Trial by court at the March term, 1895, Chittenden county, Ross, C. J., presiding. Upon the facts found the court gave judgment for the plaintiff. The defendant excepts.

The plaintiff sued for certain shafting and machinery.  It appeared that in March, 1893, one Smith had bought this property of one Terrill and attached the same in the usual manner to his, Smith's, saw-mill.  In August, 1893, Smith gave a chattel mortgage of this property to one Hunt, which was good in other respects, but never recorded.  January 3, 1894, Hunt placed this mortgage in the hands of the defendant, an officer, with instructions to foreclose it, and the defendant proceeded to post and sell the property.  Hunt bid the same off at the sale, but did not move or in any way interfere with the possession of it.

December 27, 1893, Terrill brought suit for the purchase price of this property and attached it by copy in the town clerk's office.  The plaintiff was the officer making the attachment.  Terrill obtained judgment February 3, 1894, and an execution was placed in the hands of the plaintiff for collection who demanded the property of Smith. ˑ No demand was made on the defendant.

*B. A. Hunt* for the defendant.

*J. J. Monahan* for the plaintiff.

No demand on the defendant was necessary.  The sale of the property was a conversion.  *Morse* v. *Morse*, 44 Vt. 86; *Fish* v. *Clifford*, 54 Vt. 345; 1 Chit. Plead. 176, 16th ed.; *Grant* v. *King et al.*, 14 Vt. 370; *Crampton* v. *Valido Marble Co.*, 60 Vt. 302; *Knapp* v. *Winchester*, 11 Vt. 356.

START, J.  Upon the findings of fact, the court below should have rendered judgment for the defendant.  No demand was made.  In fact a demand would have been of no avail, as the defendant never had actual or constructive possession of the property, nor did the purchaser have such possession.  It remained in the same condition it was in at

the time of the attachment.   So far as appeared, it was then set up in a saw-mill on land leased by the mortgagor, and so remained until the trial in the court below.   It does not appear that the defendant delivered the property to the purchaser, or that he ever exercised any acts of ownership or control over it, except to stake it off to the mortgagee at the auction sale ; nor does it appear that the purchaser ever took possession of the property.   It does not appear that the plaintiff had been deprived of any right that he acquired by the attachment, as against the mortgagee, nor does it appear that he has been disturbed in his possession.   The defendant has done nothing to hinder or prevent the plaintiff from preserving his attachment lien and satisfying the execution by a sale.   If the mortgage was invalid as against the attaching creditor, the sale did not make it valid ; and the mortgagee acquired no title as against the plaintiff or the attaching creditor by having the property sold and becoming the purchaser.   So far as appears, the plaintiff has had the exclusive and uninterrupted possession of the property since the attachment.   It has been neither moved nor changed.   The attachment was made by lodging a copy of the writ in the town clerk's office.   This was as effectual to preserve the attachment lien, as against subsequent purchasers, as a removal and actual taking of possession of the same by the plaintiff.   No. 99 of the acts of 1884.   If the plaintiff has kept alive his attachment lien, such possession has continued, and he had the same possession at the time the suit was brought that he had when he made the attachment.   How can it be said that the defendant has converted the property when the plaintiff has had the exclusive and uninterrupted possession, as against the defendant and the purchaser, and the defendant and purchaser have exercised no acts of ownership or control over it?   The case is not like cases cited and relied upon by the plaintiff, where it has been held that a sale is a conversion.   In those cases

the contract of sale was consummated by a delivery of the property.

A conversion, in the sense of the law of trover, is an unauthorized dealing with the goods of another by one in possession whereby the nature or quality of the goods is essentially altered, or by which one having the right of possession is deprived of all substantial use of the goods, permanently or temporary. 15 Am. Law Rev. 363. Conversion is any unauthorized act which deprives another of his property, either permanently or for an indefinite time. *Hioet* v. *Bott*, L. R. 9 Exch. 86. Conversion is the turning or applying the property of another to one's own use. Bouvier's Law Dict. In the sense of the law of trover, a conversion consists either in the appropriation of the property to the party's own use, benefit and enjoyment, or in its destruction, or in exercising dominion over it in exclusion or defiance of the plaintiff's right, or in withholding the possession from the plaintiff under a claim of title. Kellogg, J., in *Tinker* v. *Morrill*, 39 Vt. 480. The mere assertion of ownership of property, without in any way interfering with it or the owner's right to control it, is no evidence of a conversion. *Irish* v. *Cloyes & Morse*, 8 Vt. 30.

In *Clark* v. *Smith*, 52 Vt. 592, the property was attached by a copy lodged in the town clerk's office and sold on execution to the defendant ; and it remained undisturbed on the premises where it was attached and sold for some months, when the defendant took and sold it. The court held, that, while the property remained undisturbed after the attachment and sale on the execution, there was no occasion for the owner to move in the matter ; but, that, when the defendant took the property and sold it, he converted it, and the cause of action then accrued.

As between the parties, the mortgage was valid ; and, at the time of the sale, the mortgagor had an interest in the property. He had a right to redeem it from the attachment

and mortgage liens. The mortgagee could foreclose the equity of redemption of the mortgagor by a sale, provided he could do so without interfering with the plaintiff's attachment lien, or his possession of the property. The findings do not show any interference with the property by the defendant or the purchaser that in any way affected the rights of the plaintiff; therefore, no conversion is shown, and the action of trover cannot be maintained.

*Judgment reversed, and judgment for the defendant to recover his costs.*