MILLER, Appellant, vs. KENOSHA ELECTRIC RAILWAY COMPANY, Respondent.

*February 19—March 10, 1908.*

*Appeal: Record: Bill of exceptions: Negligence: Special findings: Sufficiency of evidence: Function of jury: New trial: Discretion of court: Amendment: Changing theory of action.*

1. The charge of the court is no part of the record unless it be incorporated in the bill of exceptions.
2. This court can consider no error assigned unless it is a part of the record or embodied in the bill of exceptions.

3. In an action for negligence in not removing a charged wire which had fallen in the street, or in not guarding the same, *held*, there was ample evidence to sustain the special finding of the jury of due care by defendant, and there was no error in the refusal to change such finding and to direct a verdict for the plaintiff.

4. The question of negligence is always for the jury unless the proof is so clear that intelligent minds cannot fairly form different conclusions with respect to the matter.

5. A motion to set aside a verdict and grant a new trial for insufficiency of the evidence is addressed to the discretion of the court.

6. Where the issues raised by the pleadings and to which the proof at the trial was directed related to the negligence of defendant in not properly safeguarding a charged wire which had fallen in the street, a motion to amend the complaint, made at the conclusion of the testimony, so as to charge defendant with maintaining a nuisance in the public streets, was properly denied.

'APPEAL from a judgment of the circuit court for Kenosha county: E. B. BELDEN, Circuit Judge. *Affirmed.*

This is an appeal from a judgment dismissing the action and for costs in favor of the defendant, founded upon a special verdict in an action brought for personal injuries suffered by coming in contact with a wire hanging in the street, charged with electricity from a live electric guy wire from the overhead trolley system of the defendant company. The ground of action stated in the amended complaint is that said wire had been there so hanging in the street for some hours prior to the injury; that this defendant well knew of the existence of the suspended wire at the place in question, and for a sufficient length of time to have removed the same prior to the accident; that the defendant so owning and operating its street railway at said place "was negligent in not removing said wire or guarding the same, and thereby avoiding injury to the traveling public;" that the proximate cause of the plaintiff's injury was the negligence of the defendant company, as thereinbefore stated. The answer admits that the charged wire was suspended in the street at

or near the place described. It alleges that the wire, without the fault or negligence of the defendant, became accidentally broken and was suspended in the street at said place, and that it thereupon guarded the said wire and immediately removed the same, and denies any negligence on its part. All the direct proof on the subject showed that the wire fell in the street as one of defendant's cars passed and crossed the tracks of the Chicago & Northwestern Railway; that the conductor immediately learned the fact, and that he and one of the passengers went and carefully guarded the wire while the motorman went to the car barn, some 200 feet distant, for an appliance with which to remove it, and upon his return it was removed. It further appears that before the motorman had returned the plaintiff undertook to cross the street, and, notwithstanding the warnings that were given, he came in contact with the wire and received the injury complained of. The plaintiff testified that he heard no warnings until after he came in contact with the wire.

At the conclusion of the testimony plaintiff's attorney asked to amend the complaint by alleging that the wire was suspended within the traveled street, charged with electricity; that the defendant knew the fact before the plaintiff was injured, and was bound to safeguard the public from injuries therefrom; "and that said plaintiff was injured by reason of the existence of said nuisance in said streets." The motion to amend was denied.

The court submitted a special verdict. In answer to the first question the jury found that the defendant, after notice of the unsafe condition of the wire, exercised ordinary care to protect travelers from being injured, therefrom, and in answer to the third question that the plaintiff was not guilty of contributory negligence. The plaintiff moved to strike out the answer to the first question and for judgment on the verdict so amended and on the undisputed evidence, and, if that motion was denied, then to change the answer

to the first question from "Yes" to "No," on the ground that the same was contrary to the undisputed facts, and for judgment for plaintiff. The motion was denied. There was also a motion made for a new trial on behalf of the plaintiff. Judgment was thereupon entered upon the verdict in favor of the defendant, from which this appeal is taken.

For the appellant there was a brief signed by *Wallace Ingalls,* and oral argument by *Mr. Ingalls* and *Mr. Calvin Stewart.*

For the respondent there was a brief by *Peter Fisher,* and oral argument by *George Kroncke.*

Bashford, J. The appellant assigns as error the refusal of the court to give an instruction requested in his behalf and the giving of an instruction requested by the defendant. The bill of exceptions contains no instruction requested by the appellant and no ruling of the court upon the subject; nor does it contain any instruction given at the request of the defendant or any exception thereto; nor does it contain the charge of the court. It is well settled that the charge of the court is no part of the record unless it be incorporated in the bill of exceptions. *Geisinger v. Beyl,* 71 Wis. 358, 37 N. W. 423; *Holum v. C., M. & St. P. R. Co.* 80 Wis. 299, 50 N. W. 99. The certificate of the trial court states that the bill of exceptions contains "all the exceptions taken and rulings made in said cause." The bill of exceptions when settled shall be signed by the judge—sec. 2873, Stats. (1898),—and when so signed is treated as a verity in this court. *Deuster v. Milwaukee St. R. Co.* 89 Wis. 191, 61 N. W. 766. This court can consider no error assigned unless it is part of the record or embodied in the bill of exceptions. *Holum v. C., M. & St. P. R. Co.* 80 Wis. 299, 50 N. W. 99; *Lathrop v. Humble,* 120 Wis. 331, 334, 97 N. W. 905.

Errors assigned which remain for consideration are the refusal of the court to direct a verdict for the plaintiff except

as to the amount of damages, in refusing to allow an amendment to the complaint, in refusing to strike out the answer to the first question of the special verdict, in refusing to change the answer thereto, and in refusing to set aside the verdict and grant a new trial. These assignments of error find no support in this record if the cause of action stated is for negligence. The gravamen of the complaint is the alleged neglect of the defendant in not removing the charged wire which had fallen in the street or in not guarding the same so as to avoid injury to the traveling public. The answer of the jury to the first question establishes the fact that the defendant was not negligent in the particulars charged, and there is ample testimony to support the finding. It was not, therefore, error for the court to refuse the direction of a verdict under such circumstances or to refuse to strike out the answer to the first question or to change the answer thereto. The question of negligence is always for the jury to determine, unless the proof is so clear upon the subject that intelligent minds cannot fairly form different conclusions with respect to the matter. *Block v. Milwaukee St. R. Co.* 89 Wis. 371, 377, 61 N. W. 1101.

The motion to set aside the verdict and grant a new trial was addressed to the discretion of the court, and there is no ground for disturbing the ruling in that respect. It is not necessary to refer to the evidence in detail. It is sufficient to say that upon an examination of the record it is apparent that the trial court was fully justified in refusing to grant a new trial.

The amendment of the complaint asked at the conclusion of the testimony was properly refused. It appears that the only purpose of the amendment was to state a cause of action against the defendant for maintaining a nuisance in the public streets. This entirely changed the theory upon which the action had been brought and prosecuted. The issues raised by the pleadings and to which the proof had been

directed related to the negligence of the defendant in not properly safeguarding or removing a charged wire which had fallen in the street. The ruling of the court upon the subject is fully supported by authority. *Odegard v. North Wis. L. Co.* 130 Wis. 659, 110 N. W. 809. In the case cited it is said (130 Wis. 676, 110 N. W. 814):

"The general rule applicable to all actions is that the complaint must inform the defendant of the facts from which it is claimed his liability results, in order that he may prepare to make his defense advisedly. A plaintiff should not be allowed to charge negligence in one respect and upon the trial prove negligence in an entirely different respect."

We conclude, therefore, that there was no error in the rulings of the court appearing upon this record.

*By the Court.*—Judgment affirmed.