In re Meseberg's Estate: Appeal of Steiner and another, Executors.

In re Steiner's Estate: Appeal of Steiner and another, Executors.

*October 26 — November 8, 1895.*

*Appeal to S. C.: Review of findings: Bill of exceptions: Estates of decedents: Appeal from county court by administrator: Undertaking, when required.*

1. Findings of fact by the trial court will not be reviewed on appeal, in the absence of a bill of exceptions certified to contain all the evidence.

2. Thus, in a proceeding by an administratrix *de bonis non* to settle the accounts of a deceased executrix who was also tenant for life of the entire estate of the testator under a will bequeathing to his daughter all the personal property "left" by said tenant for life, a finding that a certain sum was due from the executrix to the estate will not be disturbed, in the absence of a bill of exceptions certified to contain all the evidence. It will be presumed in such a case, in support of the finding, that said executrix and tenant for life left personal estate of the testator to the amount so found due; and the question whether she had any right under the will to use the *corpus* of the estate will not be determined.

3. Sec. 4032, R. S. (providing that the party appealing from a county court, "other than an executor, administrator, guardian or trustee,", shall file the prescribed undertaking before the appeal shall be effectual for any purpose), does not confer on an administrator a general right to appeal without giving the security prescribed, but merely a right to so appeal from an order, judgment, or determination made in the matter of the estate in which he has been appointed such administrator.

APPEALS from judgments of the circuit court for Dodge county: A. SCOTT SLOAN, Circuit Judge. *Affirmed on the first appeal; reversed on the second.*

These cases arose out of the administration of the estate of Christian Meseberg, deceased, and out of the proceedings in the matter of the estate of John Steiner, deceased, to enforce a claim against the latter estate founded upon the bond of Fredericke Meseberg, the executrix of Christian Meseberg, signed by John Steiner as surety. As they were argued by the same counsel, and can be most conveniently considered together, they will be disposed of by a single opinion.

Christian Meseberg died testate May 5, 1888, having devised and bequeathed all his real and personal estate to his wife, Fredericke Meseberg, "during her natural lifetime," and provided that after the decease of his said wife his real estate, and all the personal property "*left* by [his] said wife," should be inherited by his daughter, *Wilhelmine Meseberg,* to have and to hold to her heirs and assigns; and he appointed his wife, Fredericke, his executrix, and directed that she might not be required to give bond for the performance of her duties. His will was admitted to probate August 11, 1888; Fredericke, his wife, having filed her bond in the sum of $500, with John Steiner as surety, which was approved, and letters testamentary issued to her, and she entered upon her duties. As such executrix, she received goods, chattels, moneys, and credits belonging to the estate of Christian Meseberg, deceased, to the amount of $1,790, exclusive of real estate, as shown by her inventory. Afterwards, on

In re Meseberg's Estate.   In re Steiner's Estate.

December 22, 1893, the said Fredericke, executrix as aforesaid, died without having rendered or settled her final account as executrix.

On the 27th of January, 1894, *Wilhelmine (Meseberg) Felt*, the daughter of Christian Meseberg, was appointed administratrix *de bonis non* of said estate, with the will of the said ·Christian Meseberg, deceased, annexed, and qualified and entered upon her duties.   On the 2d of February, 1894, she, in her said representative capacity, filed an application in the ·county court to have the final account of Fredericke Meseberg, executrix of Christian Meseberg, deceased, adjusted and allowed, and the residue of the estate determined; and she made and attached thereto an account for said Fredericke Meseberg, to be adjusted and allowed.   The matter came on to be heard on the 13th day of March, 1894, when *Juliana Steiner* and *William J. Steiner*, executors and residuary legatees of John Steiner, deceased, appeared, and said account was adjusted.   The court found and adjudged that there was due from Fredericke Meseberg, executrix aforesaid, to the estate of Christian Meseberg, deceased, the sum of $1,253.85, and that the said *Wilhelmine Felt*, as administratrix *de bonis non*, was entitled to the possession of the same, from which determination *William J. Steiner* and *Juliana Steiner*, executors of the last will and testament of John Steiner, deceased, appealed to the circuit court; and upon the trial in the circuit court it was further found that the ·executrix, Fredericke Meseberg, should be charged with the sum of $1,790, and was entitled to credits amounting in all to $536.15, and that the sum due was, as ascertained by the ·county court, $1,253.85; and it was adjudged accordingly, and that the judgment of the county court should be in all things affirmed.   *William J. Steiner* and *Juliana Steiner*, executors, etc., appealed to this court from said judgment; but the bill of exceptions does not purport, nor is it certified,

to contain all the evidence that was given on the trial in the circuit court.

John Steiner, the surety on the bond of Fredericke Meseberg as executrix, died testate February 15, 1889, and on the 20th day of April in that year his will was admitted to probate, and letters testamentary were issued to said *William J. Steiner* and *Juliana Steiner;* and, the estate remaining unsettled, *Wilhelmine Felt*, administratrix *de bonis non*, as aforesaid, of the estate of Christian Meseberg, filed a petition in the matter of the estate of John Steiner, deceased, setting out substantially the matters embraced in the finding of the court in the matter of the estate of Christian Meseberg, deceased, together with the provisions of the bond in the sum of $500 given by Fredericke Meseberg as executrix and signed by John Steiner as surety, and that she had been unable to obtain possession of the amount of $1,253.85 adjudged to her in the matter of the estate of Christian Meseberg, deceased. She claimed that there was due from the estate of John Steiner, deceased, according to the conditions of said bond on which said Steiner was surety, the sum of $500, and prayed that her claim for that amount be allowed against his estate, etc.

The matter of her petition came on to be heard on the 9th day of May, 1894; the said executors, *William J. Steiner* and *Juliana Steiner*, having filed an answer putting in issue various portions of said petition. Upon motion that the said proceeding be dismissed upon the ground that no certificate accompanied said claim, and no sworn statement, as required by rules of the court, and no notice had been given to the representatives of deceased of the application for leave to file said claim, it was ordered that said claim be dismissed without prejudice, with costs to be taxed. From this determination *Wilhelmine Felt*, administratrix *de bonis non*, as aforesaid, of Christian Meseberg, deceased, on the 28th day of May, 1894, filed and gave notice of an appeal pur-

ſuant to the order of the county court, but no bond on said appeal was ever given or filed as prescribed by statute.

Upon return made of the proceedings to the circuit court, the motion of *William J. Steiner* and *Juliana Steiner*, executors, etc., to dismiss said proceedings for the reasons set up in the county court, which there prevailed, and for the further reason that no bond had been given on the appeal to the circuit court, as prescribed by statute, was argued, but the court denied the motion. The circuit court proceeded to a hearing of the claim, November 12, 1894, and found that there was due, according to the conditions of said bond, the sum of $500 from the estate of John Steiner, deceased, to the said *Wilhelmine Felt*, as administratrix *de bonis non* of the estate of Christian Meseberg, deceased, and reversed the order of the county court dismissing the claim, and ordered and adjudged that the county court of Dodge county should allow her claim in the sum of $500, and that judgment be entered therefor, and gave costs to the appellant. Exceptions were taken to the finding, and *William J. Steiner* and *Juliana Steiner*, executors as aforesaid, appealed from said judgment, having settled a bill of exceptions as to the rulings in point of law, but which fails to show that it contains all the evidence produced at the trial.

For the appellants there were briefs by *Malone & Bachhuber* and *F. M. Lawrence*, and oral argument by *J. E. Malone*.

*B. E. Van Keuren*, for the respondent.

PINNEY, J. The judgment of the county court upon the account of Fredericke Meseberg as executrix of the estate of Christian Meseberg, deceased, adjudging that there was due to the estate of Christian Meseberg, deceased, from the said Fredericke Meseberg, deceased, executrix, etc., the sum of $1,253.85, was affirmed, and it was further adjudged that the said *Wilhelmine Felt*, as administratrix *de bonis non*, was

entitled to receive the said sum. This judgment must be affirmed. The case was tried upon the merits, and the bill of exceptions is so radically defective, in that it does not appear that it contains all the evidence admitted at the trial, that it is impossible for this court to review the findings of fact of the circuit court. They fully sustain the judgment rendered.

It is contended on the part of the appellants, the executors of John Steiner, deceased, that Fredericke Meseberg, as executrix of Christian Meseberg, took the personal estate of Christian Meseberg, deceased, under his will, with the right to use the *corpus* of it, so far as might be necessary for her support during her life, and that only *what was left* after her decease would pass to *Wilhelmine Felt*, the daughter, and that the circuit court erred in charging her with a balance of $1,253.85, after deducting the credits allowed; and it was argued that there was no personal estate left, upon the decease of Fredericke, representing or amounting to that sum, and that therefore the judgment is erroneous. The plain answer to this contention is that there is no such finding. The presumption is that the finding and judgment are correct. Error must be made to appear affirmatively, and the burden of showing it from the record is on the appellant. This has been uniformly held by the court in numerous cases during a period of more than fifty years. Hardly a term passes without reiterating and applying the rule. The latest expression of the rule is in the case of *McDermott v. C., M. & St. P. R. Co., ante,* p. 38. The court is bound to presume, in the present state of the record, that evidence was produced showing that there was personal estate left by Fredericke Meseberg equal or equivalent to the amount adjudged against her as the balance on her account, and which did not come to the hands of *Wilhelmine Felt* as administratrix *de bonis non* of the estate of Christian Meseberg, deceased, or to presume that any other state of facts was

established, within the issue, which would warrant the finding and judgment of the circuit court.  We do not find it necessary to determine whether Fredericke Meseberg had any other than a mere life interest in the estate of Christian Meseberg, deceased, or any right to use, for any purpose of her own, any part of the *corpus* of such personal estate.

The result is that the judgment of the circuit court on the appeal of the executors of John Steiner, deceased, in the matter of the estate of Christian Meseberg, deceased, must be affirmed.

The appeal of *Wilhelmine Felt*, administratrix *de bonis non*, to the circuit court, from the determination or judgment of the county court dismissing her claim and petition against the estate of John Steiner, deceased, without prejudice and with costs, was not perfected as prescribed by law, so as to confer jurisdiction upon the circuit court to hear and determine it, for the reason that the appellant did not give the security required by the statute on such appeal. The statute applicable to the case (sec. 4032, R. S.) provides " that the party appealing, other than an executor, administrator, guardian or trustee, shall at the time of filing notice of appeal, and before his appeal shall be effectual for any purpose, file with the county court an undertaking in such sum and with such surety as the judge thereof shall approve, to the effect," etc.   *Wilhelmine Felt*, as administratrix *de bonis non* of the estate of Christian Meseberg, in prosecuting her claim as such against the estate of John Steiner, was not within the exception of the statute allowing an appeal by an administrator without giving the statutory security.  While she might appeal as such administratrix from any order, judgment, or determination of the county court in the matter of the estate in which she had been appointed such administratrix, by which she might be aggrieved, without giving the security required by the statute, she is not exempted by the statute from giving such security

when she appeals in her representative capacity as administratrix, etc., from any such order, judgment, or determination in any other matter, proceeding, or cause. The statute was not intended to, and does not, confer on an administrator a general right to appeal without giving the security prescribed by it, but merely a right to so appeal from an order, judgment, or determination made in the matter of the estate in which he has been appointed such administrator. The circuit court therefore erred in overruling the motion to dismiss the appeal, and the subsequent proceedings in that court were without jurisdiction.

*By the Court.*— The judgment of the circuit court on the appeal to that court by the executors of John Steiner, deceased, in the matter of the estate of Christian Meseberg, deceased, is affirmed. The judgment of the circuit court on the appeal to that court by *Wilhelmine Felt*, administratrix *de bonis non* of the estate of Christian Meseberg, deceased, in the matter of the estate of John Steiner, deceased, is reversed, and the cause is remanded with directions to dismiss said appeal.