STATKAWICZ, Respondent, vs. LAGUNA, Appellant.

*October 9, 1913—January 13, 1914.*

*Appeal: Bill of exceptions: Affirmance.*

In the absence of a bill of exceptions embodying specific exceptions to the findings of fact, this court cannot determine that the findings are unwarranted by the evidence or that a new trial should have been granted because of newly discovered evidence; hence a judgment supported by the pleadings and findings must be affirmed.

APPEAL from a judgment of the municipal court of Racine county: WM. SMIEDING, JR., Judge. *Affirmed.*

Action to recover on a money demand. The trial of the cause resulted in findings in favor of plaintiff. A motion was made on newly discovered evidence for a new trial which was denied. Judgment was rendered in plaintiff's favor for $412.22 damages and costs, in accordance with the findings. An exception to the judgment, signed by the judge and denominated a bill of exceptions, was filed and a separate such paper was filed as to the order denying the motion for a new trial. There were no specific exceptions filed to the findings of fact. There was no bill of exceptions settled.

For the appellant the cause was submitted on the brief of *Tullar & Lockney, Stahl & LeWald,* and *Samuel G. Hamblen.*

For the respondent there was a brief by *Simmons & Walker,* and oral argument by *J. B. Simmons.*

The following opinion was filed October 28, 1913:

MARSHALL, J.   It is not contended but what the pleadings and findings support the judgment.   Without a bill of exceptions properly settled, we are unable to officially know whether the findings are unwarranted by the evidence or whether there was newly discovered evidence, which, in view of the other evidence, entitled appellant to a retrial.   Therefore, the judgment must be affirmed.

*By the Court.*—So ordered.

The appellant moved for a rehearing.   The following opinion was filed January 13, 1914:

MARSHALL, J.   A strong appeal is made to the court to ignore what counsel is pleased to call immaterial errors, and decide the case upon the merits instead of adhering to the first disposition, made upon the ground of the record not being sufficient to warrant a review of the findings as to whether they are supported by the evidence.   In view of recent history, that the purpose here is, so far as practicable, to decide every case upon the merits, ignoring all unsubstantials, needs no declaration or new illustration.   In this case, the court went to the very limit of ignoring errors in entertaining the appeal at all.   There were pretty good grounds for dismissing it.   Probably by former practice that course would have been taken.   There is no need to refer to the imperfections in the appeal in detail.   When it comes to reviewing findings of fact without their being excepted to and the exceptions incorporated in the bill of exceptions, both the written and the unwritten law bar the way.   I might add: it may be it were better if that were not so; that in case of a party feeling himself aggrieved because of findings of fact being contrary to the evidence he were free to raise the question on appeal without the formality of exceptions duly filed and made a part of the bill of exceptions,

or even without there being any bill of exceptions at all, so long as all the evidence upon the trial be present, certified by the official reporter; but the law as it now stands would need to be radically changed to authorize the court to approach very near to that. A mere bill of exceptions is not sufficient to warrant a review as to whether material findings are wrong. There must be a bill embodying specific exceptions to the findings of fact. The decisions of this court are so numerous in respect to the matter that it does not seem necessary to even refer to them.

The suggestion in the short opinion previously filed as to there being no bill of exceptions is not strictly accurate. The statement should have been to the effect that there was no sufficient bill of exceptions, in that there was none embodying specific exceptions to the findings of fact. However, it may be safely said that had there been such exceptions the result would probably have been the same. So appellant has not really been prejudiced, either by failure to file such exceptions and embody the same in a bill of exceptions or by the numerous imperfections in the appeal itself.

*By the Court.*—The motion is denied.