TINGLEY, Respondent, vs. RICHTER and wife, Appellants, and MILWAUKEE BUILDING SUPPLY COMPANY and another, Respondents.

*May 7—June 1, 1920.*

*Mechanics' liens: Release of lien: Construction: Defective material repaired and used: Lien of materialman: Appeal: Findings not excepted to: Effect on appeal.*

1. Where no exceptions are taken to findings of fact made by the trial court, they must be treated as verities on appeal.
2. The alleged release by a subcontractor on a building whereby he "hereby waives his lien upon the above said premises for the said amount but reserves his rights under the contract for the balance of the amount due under his contract," released the lien only to the extent of the amount paid to the subcontractor.
3. In an action to foreclose mechanics' liens, the evidence is *held* to show that a materialman's written release was intended by the parties to release its lien only to the extent of the amount the owner would pay on a sixty-day note previously given to the materialman.
4. Where defects in windows furnished by a materialman were remedied by the builder before they were used and the cost deducted from the price, the owner is liable to the materialman in an action to foreclose his lien, on the theory that after repairing the defects the windows were accepted.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

This is an action brought by three subcontractors to

foreclose a mechanic's lien against a building owned by defendants *Richter*.

The complaint alleged that defendants *Richter* entered into a contract with Lex Brothers as principal contractors for the construction of an apartment house; that plaintiff as subcontractor furnished the cut stone for the erection of this building to the value of $800; that all provisions of the mechanic's lien statute were complied with by plaintiff; that $250 has been paid and that $550 is due from the principal contractors. The answer of defendants *Richter* alleged that whatever mechanic's lien plaintiff had upon the premises was waived by a written release.

The answer and cross-complaint of defendant *Leo Rehm* alleges that he was employed as subcontractor by Lex Brothers to furnish the window frames and did furnish such window frames for the sum of $277.62; that he has complied with the requirements of the mechanic's lien statute; that he has been paid $50, and that there is due from the principal contractors the sum of $227.62. The answer of defendants *Richter* to the cross-complaint of *Rehm* alleges that many of the frames to be furnished by defendant *Rehm* were not furnished at all, many were not completed, and many were improperly made; that whatever right *Rehm* may have had under the mechanic's lien statute has been released by an instrument in writing.

The answer and cross-complaint of defendant *Milwaukee Building Supply Company* alleges that it entered into a contract with Lex Brothers to furnish face and common brick for use in the building of defendants *Richter;* that under such contract they furnished brick on which there is a balance due of $1,157.60; that all requirements of the mechanic's lien statute have been met. The defendants *Richter* answer to this cross-complaint that the lien of the cross-complainant was released in writing upon payment of $1,500 and that the cross-complainant now has no lien.

A stipulation was made by which the amount of the *Mil-*

*waukee Building Supply Company's* claim was reduced to $807.60.

The action was tried to the court. The court held that the instruments introduced by defendants *Richter* do not release or waive the lien rights of the respective parties, and that *Rehm* at no time intended to execute a release or waiver of his lien rights and was misled into signing the alleged written release of his mechanic's lien by the defendant *Richter*.

Judgment was entered foreclosing the lien in favor of plaintiff in the sum of $614.63 and in favor of defendant *Milwaukee Building Supply Company* in the sum of $875.77, and in favor of defendant *Leo Rehm* in the sum of $199.60; and for costs to plaintiff of $134.05, to defendant *Milwaukee Building Supply Company* $46.50, and to defendant *Leo Rehm* $25.90. Appeal is taken from this judgment.

*A. W. Richter* of Milwaukee, for the appellants.

*George A. Affeldt* of Milwaukee, for the respondent *Tingley*.

*Fred Doering* of Milwaukee, for the respondent *Rehm*.

For the respondent *Milwaukee Building Supply Company* there was a brief signed by *Fish, Marshutz & Hoffman,* attorneys, and *G. R. Hoffman,* of counsel, all of Milwaukee, and the cause was argued orally by *Irving A. Fish.*

SIEBECKER, J. An examination of the record discloses that no exceptions were taken to the findings of fact made by the trial court. The findings must therefore be treated as verities in the case. *Statkawicz v. Laguna,* 155 Wis. 304, 143 N. W. 677, 144 N. W. 1133.

The pleadings and findings in the case are sufficient to sustain the judgment under the statutes providing for subcontractors' liens for materials furnished and used in the erection of the building in question, if the trial court properly construed the alleged writings which appellant claims

are releases of respondents' liens as subcontractors. The alleged release by plaintiff contains the following provision:

"The said undersigned subcontractor hereby waives his lien upon the above said premises for the said amount [$250], but reserves his rights under the contract for the balance of the amount due under his contract."

The terms of this provision clearly released the lien only to the extent of the sum paid by appellant when the paper was signed, namely, $250, and the latter part of the clause in express terms declares that a right of lien on the premises shall remain for the unpaid balance. The trial court correctly held that this alleged release of lien did not constitute a release of the right of lien for the amount still due plaintiff as subcontractor.

The court finds that the owner, *Richter,* after the construction of the apartment building had been commenced, obtained a loan of $20,000 and gave a mortgage to secure the payment of this loan on the premises on which the apartment building was in process of construction. It appears that the note given by *Richter* to the *Building Supply Company* for $1,500, which when paid was to apply on the company's claim for material furnished by it, was only payable out of funds *Richter* obtained on the mortgage. The transaction embraced in the alleged release, which was executed by the *Supply Company* on the day the above note was given, was manifestly intended by the parties to accomplish the object of reducing the builder's lien to the amount advanced out of the mortgage funds, and such payment was to inure to the benefit of the mortgage by enhancing the mortgage security as a subsequent mortgage lien on the premises. Viewing the alleged written release of the *Supply Company* made May 25, 1916, under these surrounding facts, it is manifest that the trial court is amply sustained in its conclusion that this release was intended by the parties to release the *Supply Company's* subcontractor's lien for no more than the amount *Richter* would pay on the sixty-day

note given by him to the company, and the trial court properly held that the *Supply Company* is entitled to enforce a lien for the balance due on its claim for material furnished. The contention that the subcontractor, *Rehm*, is not entitled to judgment in his favor as awarded must be denied because the findings of fact on his claim are that the defects in the window frames furnished by claimant were remedied by *Richter*, the builder, before they were used by him in the building, and the cost thereof deducted from the price. The effect of this finding is that the frames, after repairing their defects, were accepted by *Richter*.

The court also found as a fact that *Rehm*, through misrepresentation by the builder and his attorney, signed the alleged release believing it did not waive his right to a subcontractor's lien. Under this state of the record these findings must stand. We find no reversible error in the record.

*By the Court.*—The judgment appealed from is affirmed.