## WILL OF BRITT.

*April 5—May 3, 1921.*

*Wills: Construction: Devise of life estate with election to sell: When election must be exercised: Power of sale in will: Trial: Opinion of county court as findings: Failure to object to insufficiency: Effect: Necessity of findings.*

1. In a proceeding by an executrix for the allowance of her account, where there is no bill of exceptions and no exceptions were taken in accordance with secs. 2870, 3070, Stats., the only question before the court is whether the judgment is sustained by the pleadings in the case—the application for allowance of the account and objections and the findings of fact.

2. Where the court made no findings of fact and conclusions of law under sec. 2863, Stats., but his opinion contained statements of fact, and appellant took no exception to the failure to find the facts separately and in her brief referred to the facts stated in the opinion as found by the court, she was not misled, and such statements of fact may be considered as equivalent to findings of fact and given the weight accorded such findings.

3. Under sec. 4031, Stats., authorizing a direct appeal from the county courts of certain counties to the supreme court, formal findings of fact and conclusions of law as provided by sec. 2863 are as important in those county courts from which an appeal lies directly to the supreme court as in the circuit and other courts.

4. Under a will giving the testator's niece a life estate in the homestead and after the death of her mother, who was also given a life estate, giving her the election to rent it and receive the proceeds, and providing that, if she preferred, the premises might be sold and the proceeds divided between herself and two others, her election to sell and take one third of the proceeds must be exercised at the time of the death of the mother or within a reasonable time thereafter, and she could not occupy the premises for twenty years after her mother's death and then exercise such right of election.

5. Although the will also authorized the executrix "to sell my

real estate as hereinbefore provided," it gave her no authority to sell the property after occupying it for twenty years, as the sale was not upon one of the occasions provided in the will.

APPEAL from a judgment of the county court of Columbia county: A. F. KELLOGG, Judge. *Affirmed.*

*F. W. Hall* of Madison, for the appellant.

For the respondents there was a brief by *E. S. Baker,* attorney, and *H. E. Andrews,* of counsel, both of Portage; and the cause was argued orally by *Mr. Andrews.*

JONES, J.   In the county court of Columbia county the executrix of the will of C. C. Britt, deceased, applied for the allowance of her account as executrix and for a construction of the will.   Objections were filed by one of the legatees.   From the judgment disallowing a number of credits claimed by the executrix in her account and construing the will adversely to her claim she brings this appeal.

There is no bill of exceptions.   Nor were any exceptions taken in accordance with the statute.   Secs. 2870, 3070. This being the fact, the only question necessarily before the court on this appeal is whether the judgment is sustained by the pleadings in this case, the application for allowance of the account and objections, and the findings of fact by the trial court.   *Blossom v. Ferguson,* 13 Wis. 75; *Newton v. Williams,* 94 Wis. 222, 68 N. W. 990; *Hallam v. Stiles,* 61 Wis. 270, 21 N. W. 42; *Saukville v. Grafton,* 68 Wis. 192, 31 N. W. 719; *Meseberg's Estate,* 91 Wis. 399, 64 N. W. 1002; *Statkawicz v. Laguna,* 155 Wis. 304, 143 N. W. 677, 144 N. W. 1133; *Foote v. Foote,* 159 Wis. 179, 149 N. W. 738.   Numerous other cases might be cited to the same effect.

It is true that in this case the trial court made no separate findings of fact and conclusions of law in accordance with sec. 2863, Stats.   He however filed a decision signed "By

the Court," followed by the signature of the judge and indorsed "Opinion." Judgment was rendered "pursuant to said opinion." The opinion contains statements of facts concerning the issues involved. We find no requests by appellant for findings of fact, nor any exception to the failure to find the facts separately or to the method pursued by the trial court. Appellant's counsel in their assignments of error and elsewhere in their brief refer to the court as "finding" facts thus stated in the opinion. In view of these circumstances we do not feel that appellant has been misled by the failure of the trial court to make formal findings of fact, and we hold that statements of fact in the opinion may be considered on this appeal as equivalent to findings of fact and entitled to the weight accorded to such findings. *Duncan v. Duncan*, 111 Wis. 75, 86 N. W. 562. And see *Jones v. Foster*, 67 Wis. 296, 310, 30 N. W. 697; *Wrigglesworth v. Wrigglesworth*, 45 Wis. 255.

This holding is not to be construed as in any way approving the failure of trial courts to make formal findings of fact and conclusions of law as provided by the statute. The statute should be followed, and its observance is just as important in those county courts from which appeal now lies directly to this court under the provisions of sec. 4031 as in the circuit and other courts. Under the former practice, when all appeals from the county court ran directly to the circuit court, where the trial was *de novo*, the making of findings may have been comparatively unimportant. The new statute imposes new responsibilities on the county courts and makes it important for attorneys who desire to appeal to see that the record complies with the statutes. These observations are not to be construed as discouraging but rather as encouraging the filing of opinions accompanying the decisions of trial judges if they are not overcrowded in their work. We often find these opinions very able and very useful.

Among the facts found by the trial court are the following: Deceased died July 31, 1897, and his will was shortly thereafter admitted to probate. Portions thereof material to this appeal are as follows:

"Second. I give and bequeath to my niece, *Miss Lida Gilman,* all my personal property of whatever kind or nature, to use and dispose of as she may deem best.

"Third. I give and bequeath the use of my homestead . . . to my sister-in-law, Mrs. Emily C. Gilman, during her lifetime, and to my said niece, *Lida Gilman,* during her lifetime, or until she shall marry and be otherwise provided for. . . . Should my said niece survive her mother and not wish to occupy said premises, I direct that she rent the same and receive the proceeds thereof until the time of her death or marriage as aforesaid. Or, if she so prefers, the said premises may be sold and the avails thereof be equally divided between herself and my two sisters, Mrs. Elmira Cone of Rome, New York, widow, and Mrs. Elvira Law of Toledo, Ohio. But if my said niece should not so prefer, then after her death or marriage said premises shall be sold and the avails thereof divided equally between my said two sisters. In case of the death of my said sister, Elmira Cone, before my estate shall be settled, her share of this bequest shall be divided share and share alike between her two daughters, *Elvira Cone* and *Mrs. Emma Allen,* and in case of the death of my said sister, Mrs. Elvira Law, before my estate is settled, her share of this bequest shall be divided share and share alike between her three daughters, *Mary, Emma,* and *Cora Law.*

"Fourth. In case I should not in my lifetime dispose of my farm known as outlots Nos. 46, 47, 48, and 49, . . . I direct that the same be sold and the proceeds thereof applied to the payment of the mortgage of $1,400 on my homestead, and the remainder, if any there be, I give and bequeath to my said widowed sister, Elmira Cone, if living at the time, and, if not so living, to her daughter, *Elvira Cone.*

"In making the foregoing bequests I have had well in mind the names and condition of all my nephews and nieces and think the same will be most beneficial as I have made them.

"Fifth. I hereby authorize and empower my executrix

or whoever may be appointed to succeed her in case of her death, to sell all my real estate as hereinbefore provided, and to convey the same by proper deeds as fully as I could do if living."

The will appointed the niece, *Lida Gilman,* executrix. She accepted the trust and still acts. Judgment on claims was entered in April, 1898. In 1901 an inventory of real and personal property was filed, and thereafter nothing appeared of record until the submission of the present matter in 1920.

Emily C. Gilman, one of the designated life tenants, occupied the homestead until her death in 1900. Since that date the appellant, the other life tenant, has occupied the house as her home. After such occupancy for twenty years following the death of her mother, appellant now claims the right to sell the homestead under clause 3 of the will and take one third of the proceeds. Subsequently to the filing of her original account she assumed to make a sale thereof and in a supplementary account asked that the proceeds be distributed in accordance with her claims.

The trial court, in effect, construed the will as requiring that appellant's election to sell must have been exercised, if at all, at the time of her mother's death, or within a reasonable time thereafter, and that after occupancy for twenty years it could not now be exercised. He adjudged that the homestead be set over to the remaindermen named in the will, subject to appellant's life estate and certain liens, notwithstanding the assumed sale by her. These determinations are assigned as error.

The testator in his will expressed much gratitude toward appellant and her mother for having cared for his home and for himself during sickness. He evidently desired to provide a home for appellant's mother during the continuance of her life, and for appellant for her life or until she might marry and be otherwise provided for. He anticipated that

appellant might not wish to occupy the homestead after her mother's death and provided that she might rent it and receive the proceeds during the period she would otherwise be entitled to occupy it. Or, he provided, if appellant preferred she might sell it and take one third of the proceeds and pay over two thirds to his two sisters or certain of their children. Or, if she did not so prefer, it was to be sold upon appellant's death and the entire proceeds divided among those who were to get the two thirds in case appellant preferred to sell it as provided.

This clause is not entirely free from doubt, but in our opinion the construction placed upon it by the trial court is correct. The main purpose of the testator in regard to appellant was evidently to give her the use of or income from the homestead for life, or, if she preferred, to enable her to sell it and take one third of the proceeds as a commutation of her life interest. To adopt the construction for which appellant contends, however, would enable her not only to use the homestead for part or most of her life, but also to receive the third of the capital value. There is nothing in the will to indicate any intent to enable appellant to benefit her estate after her death. The provisions for the benefit of appellant as to the homestead were in the alternative, not in the conjunctive. She probably believed that the provision for the exclusive use of the premises for the period named in the will was more beneficial than the right to sell and take one third of the proceeds. The claims that she could occupy the homestead for twenty years or until her last illness and that she could then sell it and take part of the proceeds seem to us wholly inconsistent. We construe the will to the effect that the election to sell was intended to be exercised upon the death of appellant's mother or within a reasonable time thereafter. That time has obviously expired.

But, appellant contends, the sale which she has assumed to

Will of Britt, 174 Wis. 145.

make has operated to convey the homestead by reason of the power of sale contained in clause 5 of the will. But that power is expressly limited "to sell . . . as hereinbefore provided." The sale was not upon one of the occasions provided, and the clause cannot avail appellant.

In view of what was said earlier in this opinion it is unnecessary to more than refer to the other assignments of error, bearing upon the disallowance of certain items of appellant's account. The trial court found that the failure of appellant to sell the outlots mentioned in the will within a reasonable time caused unnecessary interest and taxes to accrue which could not be charged against the estate in view of sec. 3926, Stats. The claim that the court erred in not allowing a credit for taxes is apparently based in turn upon the claim that the court erred in finding the above fact, at least no argument is presented upon questions of law. The same is true of that part of the third assignment claiming error because the trial court did not allow to appellant a percentage upon the personal property handled. We also fail to find that any such claim was made in the account submitted to the court below. Nor is there any argument in the brief that under sec. 3929 and under the facts in the case commissions should be allowed.

Although we are not required upon the state of the record to examine the evidence submitted, we have exercised the discretion allowed to us under sec. 2405$m$, Stats., and have examined the transcript of testimony certified to by the reporter of the trial court to such an extent that we are satisfied that no injustice has been done.

No other matters adjudged by the trial court are assigned as error.

*By the Court.*—Judgment affirmed.

ESCHWEILER, J., dissents.