STATE EX REL. IGNASIAK, Respondent, vs. TOWN OF FRANKLIN and others, Appellants.

*November 11—December 7, 1954.*

For the appellants there was a brief by *Clarence J. O'Brien,* town attorney, and *Gram & Wortley* and *Laurence C. Gram* of counsel, all of South Milwaukee, and oral argument by *Mr. Laurence C. Gram* and *Mr. O'Brien.*

For the respondent there was a brief by *Bernard N. Freudenfeld,* attorney, and *Donald C. Jacobson* of counsel, both of Milwaukee, and oral argument by *Mr. Freudenfeld.*

GEHL, J.   From the record and briefs it appears that plaintiff has failed to comply with the terms of the judgment. That fact of itself does not make him a contemnor. Not every failure to obey a judgment constitutes contempt of court. For instance, inability of the alleged contemnor to obey a decree, if not brought upon himself, may be a defense to a charge for contempt.

"It is true that the remedy is severe and harsh. Imprisonment certainly should not be ordered when it appears that the default is the result of honest inability to pay, on account of business misfortunes, or lack of health or earning ability, or other circumstances which are not the fault of defendant." *Staples v. Staples,* 87 Wis. 592, 596, 58 N. W. 1036.

There is no bill of exceptions. In the absence thereof this court is limited in its review to ascertain whether the judgment is sustained by the pleadings and findings. *Parke, Austin & Lipscomb, Inc., v. Sexauer,* 204 Wis. 415, 235 N. W. 785. The trial judge made no formal findings but filed a memorandum opinion in which he stated as is set forth in the foregoing statement of facts. The opinion must be taken as declaring a judicial finding that defendant has failed to establish facts constituting contempt. *Will of Britt,* 174 Wis. 145, 182 N. W. 738. We may not disturb the finding.

The town complains that the court erred in refusing to modify the judgment by providing therein "that plaintiff have some short period of time to finally comply with the original judgment." There is no need for such modification. The judgment by its own terms directs that the nuisance be abated within ninety days from its date. As matters now stand plain-

tiff's refusal or failure to comply does or does not constitute contempt of court, depending upon the facts occurring after the date of the judgment. That plaintiff has been acquitted of contempt in the instant proceeding does not prevent the town from acting again and at any time at which it might appear to its officials that plaintiff has contumaciously failed to comply with the terms of the judgment. In other words, the town has not been aggrieved by the court's refusal to modify the judgment as it requested.

*By the Court.*—Judgment affirmed.