GEIS and wife, Appellants, v. McKENNA, Respondent.

*March 7—April 5, 1960.*

For the appellants there was a brief by *Robert D. Martinson* of Eagle River, attorney, and *Immell, Herro, Buehner & DeWitt* of Madison of counsel, and oral argument by *Mr. Martinson.*

For the respondent there was a brief and oral argument by *Elliot N. Walstead* of Milwaukee.

BROWN, J.    The case comes before us without a bill of exceptions. The trial court's findings of fact stand, therefore, as verities. *Davis v. Davis* (1951), 259 Wis. 1, 47 N. W. (2d) 338. In the absence of a bill of exceptions, the supreme court is limited to ascertaining whether judgment is sustained by the pleadings and by the findings of fact. Id., *State ex rel. Ignasiak v. Franklin* (1954), 268 Wis.

295, 67 N. W. (2d) 308; *Rode v. Sealtite Insulation Mfg. Corp.* (1958), 3 Wis. (2d) 286, 88 N. W. (2d) 345.

Appellants do not contend that the judgment does not come within the issues framed by the pleadings and the only question before this court is whether the findings of fact sustain the judgment.

The first findings of fact describe the parties, plaintiffs being property owners, and defendant being a real-estate broker with whom plaintiffs entered into a contract to sell plaintiffs' land.

The contract was limited to a term of one year and the time expired before any sale was made. The third finding of fact includes all the issues which are now to be determined. This finding is:

"That after the said expiration of the said contract in January, 1956, the plaintiffs, the owners of the real estate, again contacted the defendant and asked him to assist them in connection with the sale of the same real estate to a prospect who had been obtained by the plaintiffs, and that the plaintiffs agreed orally to pay the defendant a commission of five (5%) per cent in the event of the sale being consummated. That the defendant on the 24th day of January, 1956, prepared and caused to be signed by the plaintiffs and the prospective purchasers a purchase offer and acceptance regarding sale of said realty, the transaction to be closed on or about the 21st day of June, 1956, or at such other time as might be designated therefor by the parties, in writing; that on or about the 23d day of April, 1956, the said purchasers raised the balance necessary to complete this transaction (they having paid Five Thousand ($5,000) Dollars earnest money at the execution of said purchase offer, the same being retained by defendant in a trust account), and the transaction was closed at the defendant's office in said town of Three Lakes, on the 23d day of April, 1956.

"That at said date of closing discussion was had between plaintiffs and the defendant concerning the payment of Two Thousand ($2,000) Dollars commission by plaintiffs to de-

fendant. That at said time defendant prepared a form entitled 'Broker's Settlement with Seller,' containing several items of charges one of which was 'commission—$2,000.' That the plaintiffs signed said 'Broker's Settlement with Seller' with knowledge of the fact that it provided for the deduction of $2,000 commission out of the trust funds held by said broker, and that said deduction was made with plaintiffs' knowledge, consent, and approval."

The trial court's conclusions of law are:

"I

"That the oral contract by which plaintiffs agreed to pay defendant a commission of five (5%) per cent, in the event a sale was consummated, was void for the reason that it was not in conformity with sec. 240.10 of the Wis. Stats.

"II

"Since the commission was withheld by the broker with full knowledge and consent of the seller, the same must be considered in the same light as though the money had been actually transferred from the seller to the real-estate broker, and cannot be recovered by seller."

Sec. 240.10, Stats., referred to in the conclusions of law, reads:

"REAL-ESTATE AGENCY CONTRACTS. Every contract to pay a commission to a real-estate agent or broker or to any other person for selling or buying real estate or negotiating lease therefor for a term or terms exceeding a period of three years shall be void unless such contract or note or memorandum thereof describing such real estate, expressing the price for which the same may be sold or purchased, or terms of rental, the commission to be paid, and the period during which the agent or broker shall procure a buyer or seller or tenant, be in writing and be subscribed by the person agreeing to pay such commission."

That statute renders unenforceable a broker's claim for compensation for the sale of land by the broker where the

broker has no current written contract complying with the terms of the statute. The contract which had expired is ineffective to support any rights to compensation by the broker. But the statute does not make illegal a voluntary payment by the seller in recognition of services rendered by a broker who has no contract, and when the compensation has been paid under such circumstances, the seller cannot change his mind and demand back the return of the compensation previously voluntarily paid. *Elbinger v. Capitol & Teutonia Co.* (1932), 208 Wis. 163, 242 N. W. 568. Nothing in the statute prevents the seller from giving and the broker from receiving a voluntary payment of whatever amount the seller may please to give.

The third finding of fact that deduction of $2,000 was made with the sellers' knowledge, consent, and approval is simply a recitation that compensation in the amount stated was a voluntary payment by the sellers and, as such, does not violate the statute. The voluntary payment cannot be recovered by the sellers. *Elbinger v. Capitol & Teutonia Co., supra.*

*By the Court.*—Judgment affirmed.