DENNY, Plaintiff in error, v. STATE, Defendant in error.

*No. State 177.   Argued June 5, 1970.—Decided June 26, 1970.*
(Also reported in 178 N. W. 2d 38.)

For the plaintiff in error there was a brief by *Cotton, Rose & Rose* and *Terry W. Rose,* all of Kenosha, and oral argument by *Terry W. Rose.*

For the defendant in error the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *Robert W. Warren,* attorney general, and *Joseph Molinaro,* district attorney of Kenosha county.

HALLOWS, C. J. The issue presented is whether the sentence imposed upon Denny after his new trial violated the fourteenth amendment of the United States Constitution and the Constitution of the state of Wisconsin

because it was a more severe sentence than he received after conviction on the first trial.

Neither the transcript of the testimony of the first or the second trial is included in the record on appeal, nor is the transcript of the original sentencing proceeding. As there were two presentence reports on Denny in the trial file at the time of conviction, no new presentence report was sought for the second sentencing. The court stated it had read and considered these presentence-investigation reports and Denny would not be punished because he was granted a new trial. However, the court said the crime was "not the type of crime to which a minimum punishment can be assigned. This . . . is a serious, vicious crime and calls for more than a minimum punishment. The court is mindful of the previous sentence but not bound by it." It is argued this court is limited in its review of the sentencing because of the lack of a record and we must accept the trial court's view as we would a finding. *See Geis v. McKenna* (1960), 10 Wis. 2d 16, 102 N. W. 2d 101; *Madison v. Chicago, M., St. P. & P. R. R. Co.* (1958), 2 Wis. 2d 467, 87 N. W. 2d 251. We think not. Reasons for sentencing are not findings.

On the merits of the issue the difficulty is specific reasons are not stated by the court in the record and those which are stated are insufficient to justify a more severe sentence. We think the trial court was wrong in its conception of its sentencing duties and powers after a new trial. In *State v. Leonard* (1968), 39 Wis. 2d 461, 159 N. W. 2d 577, this court held that on sentencing following a second conviction after retrial or upon resentencing, the trial court shall be barred from imposing an increased sentence unless events occur or come to the sentencing court's attention subsequent to the first imposition of sentence which warrant an increased penalty and the court affirmatively states the ground for increasing the sentence in the record.

About a year after *Leonard,* the United States Supreme Court came to the same conclusion in *North Carolina v. Pearce* (1969), 395 U. S. 711, 89 Sup. Ct. 2072, 23 L. Ed. 2d 656. A majority of that court held the double jeopardy and equal protection clauses imposed no restriction upon the length of sentence imposed upon reconviction, but due process would be violated by the imposition of a heavier sentence upon reconviction for the purpose of punishing the defendant for having succeeded in getting his original sentence set aside. To assure the absence of any such result and to assure the exercise of the right to an appeal will be free and unfettered and a failure to exercise the right will not be due to a psychological fear of reprisal, the specific reasons for a more severe sentence must affirmatively appear in the record at the time of resentencing. It is not sufficient for a trial judge to state he is not penalizing the defendant for securing a new trial; that is a conclusion. It is not sufficient that the judge in fact is not prejudiced. Due process can only be objectively attained by obeying the requirement of setting forth the reasons for a more severe sentence so that the sentencing can be rationally reviewed and the defendant made aware of this protection.

A trial judge is not free to re-evaluate the first sentence; he is in effect bound by the maximum of the previous sentence unless new factors or newly known factors justify a more severe sentence. In this case it is argued the reasons for increasing the sentence appear in the transcript because the trial court characterized the crime as serious and vicious and called for more than a minimum sentence. This statement does not comply with the mandates of due process; but more important, the statement appears to be a valuation of the nature of the crime which was the same as involved in the first trial. We can accept the crime was serious and vicious, but so it was at the first trial and it does not appear in the record

that the nature of the crime was any more serious or vicious in the second trial than in the first.

It may be that there is some doubt or ambiguity in the language of the *Pearce Case* respecting what conduct of the defendant can be taken into consideration. The opinion states, page 726, "Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing procedure." The key words are identifiable conduct occurring after the time of the original sentencing. This is a narrow construction but, if accepted, then in the instant case the trial court was additionally in error because there was no identifiable conduct occurring after the time of the original-sentencing proceeding justifying a more severe sentence.

However, we do not read *Pearce* so narrowly because the court said, page 723, "A trial judge is not constitutionally precluded, in other words, from imposing a new sentence, whether greater or less than the original sentence, in the light of events subsequent to the first trial that may have thrown new light upon the defendant's 'life, health, habits, conduct, and mental and moral propensities.' *Williams v. New York*, 337 U. S. 241, 245." This information, the court points out, may come to the attention of the judge in the second trial or from a new presentence investigation or the prison's record or from other sources. "Subsequent events" may be the disclosure of facts unknown at the time of the first sentencing and this might well happen if no presentence report was used in the first sentencing.

Mr. Justice WHITE, in his concurring opinion, states he would authorize "an increased sentence on retrial based on any objective, identifiable factual data not known to the trial judge at the time of the original sentencing proceeding." This statement is more in accord with the language of our *Leonard Case* in which we stated that the trial judge could consider events which occur or

come to the attention of the sentencing court subsequent to the first sentencing.[1]

We think the trial court in this case re-evaluated the crime for the purpose of sentencing and gave Denny a sentence he would have given upon the first conviction; and on the state of this record the sentence cannot be sustained.

On resentencing or sentencing after a new trial and when modifying a sentence under *Hayes v. State* (1970), 46 Wis. 2d 93, 175 N. W. 2d 625, the trial court should have before it the transcript of the original sentencing and the reasons for the sentencing should appear therein. Since appellate courts are being increasingly called upon to review criminal sentences,[2] trial courts must now make a record of the concrete, identifiable, specific reasons for all resentencing, so this court can properly reconstruct what happened in reviewing the sentence. We have already pointed out the importance of a copy of the presentence investigation, when used by the trial judge, appearing in the record. *Embry v. State* (1970), 46 Wis. 2d 151, 174 N. W. 2d 521; *see Standards Relating to Appellate Review of Sentences,* American Bar Associa-

[1] *See Moon v. Maryland* (decided June 8, 1970), 398 U. S. 319, 90 Sup. Ct. 1730, 26 L. Ed. 2d 262, where question of retroactivity of *North Carolina v. Pearce, supra,* was raised, but the writ was dismissed as improvidently granted.

[2] *State v. Tuttle* (1963), 21 Wis. 2d 147, 124 N. W. 2d 9; *Jung v. State* (1966), 32 Wis. 2d 541, 547, 145 N. W. 2d 684; *Nelson v. State* (1967), 35 Wis. 2d 797, 820, 151 N. W. 2d 694; *Price v. State* (1967), 37 Wis. 2d 117, 135, 154 N. W. 2d 222; *State v. Beal* (1968), 40 Wis. 2d 607, 162 N. W. 2d 640; *State v. Rice* (1967), 37 Wis. 2d 392, 401, 155 N. W. 2d 116; *Finger v. State* (1968), 40 Wis. 2d 103, 111, 161 N. W. 2d 272; *Deja v. State* (1969), 43 Wis. 2d 488, 495, 168 N. W. 2d 856; *State v. Harling* (1969), 44 Wis. 2d 266, 280–282, 170 N. W. 2d 720; *Cheney v. State* (1969), 44 Wis. 2d 454, 470, 171 N. W. 2d 339, 174 N. W. 2d 1; *Embry v. State, supra;* and in this assignment there are three cases besides the instant one seeking a review of a sentence: *Riley v. State,* post, p. 801, 177 N. W. 2d 838; *Gonzales v. State,* post, p. 548, 177 N. W. 2d 843; *Jones v. State,* post, p. 642, 178 N. W. 2d 42.

tion Project on Minimum Standards for Criminal Justice, Approved Draft, 1968, page 42, sec. 2.3 (a) (iii).[3] In the instant case, the record and the reasons given do not meet the test of due process and the sentencing must be modified to be that of the first sentence imposed.

*By the Court.*—The sentence appealed from is hereby modified so that the sentences on counts one and two for violation of sec. 944.17 (1), Stats., are reduced from not more than three years to not more than two years and, as modified, the judgment of sentencing is affirmed.

---

[3] **"2.3 Record on appeal; statement explaining sentence.**

"(a) The following items should be available for inclusion in the record on appeal:

"(i) a verbatim record of the entire sentencing proceeding, including a record of any statements in aggravation or mitigation made by the defendant, the defense attorney and the prosecuting attorney, together with any testimony received of witnesses on matters relevant to the sentence, any instructions or comments by the court to the jury in cases where the jury participated in the sentencing decision, and any statements by the court explaining the sentence;

"(ii) a verbatim record of such parts of the trial on the issue of guilt, or the proceedings leading to the acceptance of a plea, as are relevant to the sentencing decision;

"(iii) copies of the presentence report, the report of a diagnostic facility, or any other reports or documents available to the sentencing court as an aid in passing sentence. The part of the record containing such reports or documents should be subject to examination by the parties only to the extent that such examination was permitted prior to the imposition of sentence.

"(b) The record normally should be prepared in each case in the same manner as would any other record to be presented to the court involved.

"(c) The sentencing judge should be required in every case to state his reasons for selecting the particular sentence imposed. Normally, this should be done for the record in the presence of the defendant at the time of sentence. In cases in which the sentencing judge deems it in the interest of the defendant not to state fully the reasons for the sentence in the presence of the defendant, he should prepare such a statement for transmission to the reviewing court as a part of the record."

*See also* these requirements in *Standards Relating to Sentencing Alternatives and Procedures*, Approved Draft, 1968, sec. 5.7.