STATE of Wisconsin, Plaintiff-Respondent,

v.

Robert TARWID, Defendant-Appellant.

Court of Appeals

*No. 88–0526–CR. Submitted on briefs August 31, 1988.—
Decided October 12, 1988.*

(Also reported in 433 N.W.2d 255.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Jack E. Schairer,* assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Donald J. Hanaway,* attorney general and *Jerome S. Schmidt,* assistant attorney general.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J.   Robert Tarwid appeals from a judgment of conviction for party to the crime of delivery of a controlled substance, as a repeater, contrary to secs. 161.41(1)(b), 161.41(2)(b)(1), 939.05 and 161.48, Stats. Tarwid contends that he was denied due process when the trial court imposed a harsher sentence following his prior successful appeal. Additionally, he argues that the trial court committed reversible error when it failed to suppress evidence of drugs which had been destroyed after his first conviction in accordance with police procedures.

Because several new, objective factors were presented at the second sentencing, we conclude that the second, more severe sentence was justified and non-vindictive. As to the destroyed physical evidence, we find neither bad faith nor constitutional materiality which would require its suppression. Therefore, we affirm Tarwid's judgment of conviction and sentence.

Tarwid initially entered a plea of no contest to the charge of party to the crime of delivery of a controlled substance, as a repeater, and was sentenced to five years probation with six months in the county jail as a condition of probation. Judge Jon B. Skow took Tarwid's plea and imposed this first sentence, based upon the facts in the criminal complaint. At sentencing, it was pointed out that Tarwid's presentence

investigation report (PSI) was not completely accurate due to Tarwid's apparent uncooperativeness. Tarwid's counsel requested an adjournment for purposes of obtaining a psychological evaluation, but Judge Skow denied the request, stating that he did not see the need for further inquiry into Tarwid's personality. The sentencing record also indicates that Judge Skow believed that, although Tarwid's prior record and propensity for dealing and using drugs justified a prison term, the judge was bound to follow his own pre-plea promise to Tarwid that prison time would not be imposed. On appeal, we reversed Tarwid's conviction because of Judge Skow's personal participation in the plea bargaining process.

Following his successful appeal, Tarwid appeared before Judge Emmanuel Vuvunas and requested that the drugs which he had allegedly sold to an undercover officer be made available for testing. Because the drugs had been destroyed due to the age of the case and routine police procedure, and thus were unavailable for testing, Tarwid moved for dismissal of the case. The trial court denied the motion, ruling that Tarwid had been accorded sufficient time to demand the physical evidence earlier, since the proceedings had initially commenced almost three years before.

At trial, the state provided a certified copy of the chemical analysis and the testimony of an expert to establish that the substance taken from Tarwid was cocaine. Tarwid stipulated to the expert's qualifications and declined to cross-examine her. In addition, charts and graphs from the actual testing were available for examination prior to trial. Judge Vuvunas presided at the trial, and a jury found Tarwid guilty of delivery of a controlled substance.

Prior to resentencing, Judge Vuvunas conducted several hearings and concluded that because a different trial judge had imposed the first sentence, the presumption of vindictiveness did not apply and he was free to resentence without regard to the earlier sentence. *Texas v. McCullough*, 475 U.S. 134, 140 (1986). Judge Vuvunas stated that had he sentenced Tarwid initially, he would have imposed a prison term. After considering Tarwid's new PSI, counsels' statements, Tarwid's past criminal record, his need for correctional and rehabilitative treatment, the gravity of the offense and the need to protect the public, Judge Vuvunas imposed a three-year prison sentence.

On appeal, Tarwid argues that a presumption of vindictiveness applies to the three-year sentence imposed by Judge Vuvunas, because it was imposed following a successful appeal and is harsher than the initial sentence imposed by Judge Skow. *North Carolina v. Pearce*, 395 U.S. 711, 726 (1969); *Denny v. State*, 47 Wis. 2d 541, 544, 178 N.W.2d 38, 40 (1970). He asserts that the record does not show any objective factors unknown to the first sentencer on which Judge Vuvunas could base an increased sentence, thus the presumption that the second sentence is vindictive is not overcome. *Denny* at 544–45, 178 N.W.2d at 40–41.

Whether Tarwid's second, harsher sentence violates due process protection presents a question of constitutional fact. We review such questions independently of the trial court's determination. *State v. Woods*, 117 Wis. 2d 701, 715, 345 N.W.2d 457, 465 (1984). Moreover, the historical facts on this question are not in dispute. This also permits us to engage in an independent review. *Id.* at 710, 345 N.W.2d at 462.

The state urges us to adopt the rule that if a different trial judge imposes the second sentence the

presumption of vindictiveness does not apply.[1] *McCullough,* 475 U.S. at 140. In *McCullough,* a jury imposed the first sentence and the trial judge imposed a more severe sentence after retrial. The United States Supreme Court found that because two different sentencers—a jury and a trial judge—assessed the varying sentences McCullough received, a sentence "increase" cannot be said to have occurred. *Id.* However, the Wisconsin Supreme Court has found that the *Pearce* presumption is applicable when two different trial judges assess the varying sentences received by a defendant. *Denny,* 47 Wis. 2d at 542–43, 178 N.W.2d at 39–40. *Denny* was apparently decided on both state and federal constitutional grounds. *Id.* at 542, 178 N.W.2d at 39. It is not for the court of appeals to modify existing law of the Wisconsin Supreme Court on state constitutional questions. *See State v. Grawien,*

---

[1]The United States and Wisconsin Supreme Courts have found the presumption of vindictiveness to be inapplicable in several cases in which increased sentences have been imposed upon resentencing. *Colten v. Kentucky,* 407 U.S. 104 (1972) (the second sentence was imposed by a different court in a two-tiered system which had not been asked to correct itself); *Chaffin v. Stynchcombe,* 412 U.S. 17 (1973) (the second sentence was imposed by a jury which had no knowledge of the prior sentence, had no motive to engage in self-vindication, and was unlikely to be sensitive to institutional interests that may cause a more severe resentence by a judge wishing to discourage what he or she regards as meritless appeals); *Texas v. McCullough,* 475 U.S. 134, 139 (1986) (the second sentence was imposed by a different sentencer—trial judge as opposed to jury—who had no motive to engage in self-vindication or be sensitive to institutional interests since she was the same judge who acknowledged the merit of the defendant's appeal and reversed the first conviction); *Grobarchik v. State,* 102 Wis. 2d 461, 307 N.W.2d 170 (1981) (the first sentence was illegal and unenforceable).

123 Wis. 2d 428, 432, 367 N.W.2d 816, 818 (Ct. App. 1985).

Nonetheless, we uphold Tarwid's second sentence under existing Wisconsin law. We conclude that several objective new factors support the more severe sentence imposed by Judge Vuvunas. Therefore, the presumption of vindictiveness was overcome.

■

The law in Wisconsin is that on resentencing a trial judge may impose a more severe sentence only if that sentence can be justified by new objective factors. *State v. Stubbendick,* 110 Wis. 2d 693, 698, 329 N.W.2d 399, 402 (1983). "'[A]ny objective, identifiable factual data not known to the trial judge at the time of the original sentencing proceeding,'" satisfies this requirement. *Id.* (quoting *Pearce,* 395 U.S. at 751 (J. White, concurring in part)). This rule is consistent with *Pearce,* and eliminates the possibility of vindictiveness on the part of the second sentencer. *Stubbendick* at 699, 329 N.W.2d at 402.

■

At resentencing, the trial court may properly consider the factor of leniency present in a plea agreement.[2] *Id.* at 702, 329 N.W.2d at 404. Tarwid's

[2]The Wisconsin Supreme Court noted in *Stubbendick,* that although the factor of leniency does not involve new or newly known information concerning the defendant's conduct it nonetheless is properly considered at resentencing. *State v. Stubbendick,* 110 Wis. 2d 693, 700–01 n. 2, 329 N.W.2d 399. 403 (1983). In *Stubbendick,* the same trial judge imposed both sentences and stated that he had extended leniency at the first sentence because of the plea agreement. The supreme court noted that "a statement in the record regarding this consideration negates the possibility of judicial vindictiveness, which is the paramount concern of *Pearce* and *Denny.*" *Id.*

first, more lenient sentence, followed a plea of no contest. Judge Skow, who had participated in the initial plea agreement, apparently felt duty-bound to limit his sentencing discretion to conform with the structure of that agreement. Judge Skow stated at the original sentencing that he would abide by his pre-plea assurance that "[Tarwid] would not go to prison." In essence, prison was not one of the sentencing options Judge Skow would consider. Conversely, Judge Skow's other sentencing comments were that Tarwid's background fully justified prison, his crime involved drugs, and he was a multiple repeater who needed to gain some respect for the system and understand that a substantial penalty attaches to criminal conduct. From this, we conclude that the first sentencer extended leniency solely upon the basis of the plea agreement.

Significantly, Judge Vuvunas was not so bound. He candidly stated that had he sentenced Tarwid initially, he would have imposed a prison term, thus implying that the first sentence was too lenient.[3]

When a criminal defendant withdraws his plea, "any leniency based upon the plea need not be extended at resentencing." *Stubbendick* at 702, 329 N.W.2d at 404. Tarwid successfully withdrew the plea upon which the first sentence was based, and was

[3]Judge Vuvunas also stated that had he imposed sentence "some time ago," he would have imposed a much longer sentence than three years. However, because Tarwid had done so well since commission of the offense, he tempered the sentence. Tarwid argues that this shows that the only objective new information available to the court was positive and could only serve to reduce his initial sentence. We disagree. This statement by the trial court only shows a lack of vindictiveness.

later found guilty by a jury of the same charges. The leniency extended by Judge Skow at the initial sentencing was in the form of structuring a sentence that would not include a prison term. This leniency was based upon the improper plea agreement. After the plea was invalidated following Tarwid's successful appeal, any leniency resulting from the plea was no longer a controlling factor at resentencing. Therefore, at resentencing, Judge Vuvunas was not required to structure a sentence that excluded a prison term.

In addition, Judge Vuvunas had the benefit of hearing all the witnesses and viewing all the evidence as the result of a full-scale trial prior to Tarwid's resentencing. Although Judge Vuvunas did not expressly cite this experience in his sentencing remarks, it is obvious that his perceptions of Tarwid and the crime which influenced his sentencing decision were derived from this trial experience and the ensuing sentencing proceeding. This experience is very different from that of the first sentencing court, which imposed sentence based solely upon the criminal complaint and a PSI. Other courts have held that *Pearce* allows an increased sentence based on enhanced knowledge obtained from trial of the defendant's criminal activity. *Stubbendick* at 703, 329 N.W.2d at 404 (citations noted therein).

Moreover, Judge Vuvunas imposed sentence based upon a different PSI, which contained additional information as to Tarwid's explanation of the offense and his work and school experience. In particular, Judge Vuvunas relied upon the additional information in the PSI explaining Tarwid's commission of both the present and past offenses. The judge noted that the type of offense and Tarwid's reasons for

committing it had remained unchanged despite several convictions.

Finally, several other relevant factors contribute to our conclusion that the increased sentence was not a product of judicial vindictiveness. Two different judges imposed the varying sentences in this case. "Where a different judge presides over the later trial and imposes the second sentence, the possibilities of vindictiveness are greatly reduced." *State v. Sisneros,* 687 P.2d 736, 739 (N.M. 1984). Additionally, Judge Vuvunas held three presentence hearings for the purpose of determining his authority on resentencing. There is no suggestion of vindictiveness in any of the judge's remarks; rather, the record reveals an attempt to sentence within the constraints of the law. Lastly, the sentencing itself takes into consideration all the appropriate sentencing factors. *McCleary v. State,* 49 Wis. 2d 263, 274–76, 182 N.W.2d 512, 518–19 (1971). Therefore, we conclude that the three-year sentence is not vindictive and affirm the judgment of the trial court.

Tarwid also argues that the trial court committed reversible error when it denied his request for suppression of physical evidence which had been destroyed prior to the second trial and was unavailable for testing. He asserts that the "alleged cocaine had apparent exculpatory value because the state had to prove the substance was indeed cocaine to prove its case that the defense had the right to test it." He also contends that the destruction of the entire sample left him without recourse to obtain comparable evidence to support the defense. We reject these arguments.

"Due process does not require the state to preserve evidence which is merely potentially exculpatory." *State v. Holt,* 128 Wis. 2d 110, 132, 382 N.W.2d 679, 690 (Ct. App. 1985), citing *California v. Trombetta,* 467 U.S. 479, 489 (1984). The state must only preserve that evidence which might be expected to play a significant role in the suspect's defense. *Id.* This standard of constitutional materiality is met when it is shown that the evidence possesses an exculpatory value that was apparent before it was destroyed and that it was of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means. *Id.* at 132–33, 382 N.W.2d at 690. The presence of bad faith on the part of the state is also a factor to be considered. *Id.*

This issue concerns a constitutional fact question which we review independently as a question of law. *Woods,* 117 Wis. 2d at 715, 345 N.W.2d at 465. The facts on this question also are not in dispute. Therefore, we may independently review the matter. *Id.* at 710, 345 N.W.2d at 462.

There is no evidence of bad faith on the part of the state in this case. The cocaine sample was destroyed in accordance with police procedure due to the age of the case. Tarwid does not contend that this constituted bad faith.

Furthermore, Tarwid's assertion that the destroyed evidence had "apparent exculpatory value" is without support and speculative at best. No evidence supports this claim. Tarwid had access to the charts and graphs used in the original analysis. He has failed to demonstrate how the substance tested to be cocaine

is exculpatory. Thus, the trial court properly admitted testimony as to the destroyed evidence.

Although he is unable to satisfy the *Trombetta* test, Tarwid argues that the trial court's denial of the suppression request nonetheless should be reversed because the court failed to apply the *Trombetta* test. Tarwid argues that the court simply denied the motion because of the untimeliness of his request. However, as noted, the facts on this question are not in dispute. Our independent review of this matter is thus appropriate. *Id.*

Moreover, the trial court's resolution on the narrow issue of timeliness was correct. The court found that Tarwid had sufficient time to demand the evidence during the initial proceedings three years before. As we stated in *Holt,* "[a] defendant may not sit back for years while evidence is available and then successfully move to suppress testimony about such evidence on the ground that the evidence is no longer available to the defendant for further testing." *Holt,* 128 Wis. 2d at 134, 382 N.W.2d at 690. The trial court's admission of the cocaine evidence was proper and we affirm Tarwid's judgment of conviction.

*By the Court.*—Judgment affirmed.